EMILY A. SCHENCK

*v.*

JACKSON P. WHITE *et al.*

LIMITATION ACT OF 1839—*necessity of a continuous possession.* Where a party claiming land under color of title, payment of taxes and seven years' possession, held undisputed possession from 1858 until 1867, with the exception of the year 1864, during which year the owner of the paramount title held quiet possession by his tenants, but without the consent of the tax title claimant, who paid the taxes during the whole of the time, it was *held*, the bar of the statute was incomplete, the tax title claimant having acquiesced in an interruption to his possession, making no effort to recover the possession by action at law.

WRIT OF ERROR to the Circuit Court of Mason county; the Hon. CHARLES TURNER, Judge, presiding.

The opinion states the case.

Mr. B. S. PRETTYMAN, for the plaintiff in error.

Mr. C. A. ROBERTS, Mr. W. W. GREEN and Mr. HUGH FULLERTON, for the defendants in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of ejectment in the Mason circuit court, brought by Emily A. Schenck against Jackson P. White and others, and a verdict and judgment for the defendants. The record is brought here by writ of error, and various errors assigned, all of which have been argued in full by the plaintiff in error, but no brief or argument is presented by the defendants in error.

We have considered only one of the errors assigned, and that is, in giving the fourth and fifth instructions for the defendants. The case does not appear to be contested, and defendants in error manifest no desire to retain the verdict. The probability is, a new trial has been taken under the statute. These instructions have been considered, and we will give our views of their propriety.

The following are the instructions:

" 4. The court instructs the jury, that the temporary interruption of defendant's possession of the lands in controversy, by Jackson or Prettyman, if made without the consent of defendant, or without due process of law, is not such an interruption of defendant's possession as prevents the limitation from running in his favor, provided the jury believe, from the evidence, that defendant continued to pay all taxes legally assessed upon said land during such interruption.

" 5. The court instructs the jury, that the statute of limitations begins to run when the party having color begins payment of the series of taxes, and the bar is perfected when the

payment of that series of taxes, under color of title, is complete; and the temporary interruption of the party in his possession, if without his consent or legal process, is no bar to the perfection of the title under the statute of limitations."

The testimony on which these instructions were framed, was to the effect that McHany, who claimed the land under a tax title acquired in 1858, had taken possession of the land in June or July of that year, and had actual possession during all the time from July, 1858, to the commencement of the suit, with the exception of the year 1864, when the owner of the paramount title, without the consent of McHany, entered into the land, and leased the same to tenants, and put them in the house on the land, and who remained and cultivated the land during the year 1864. During all this time the tax title claimant paid the taxes assessed against the land.

This claim under the tax title, arose under the eighth section of the conveyance act, R. S. Ch. 24, by the provisions of which, there must be color of title and payment of taxes, and seven years' possession concurring.

A hiatus is shown in this possession for the year 1864, and though without the consent of the tax title claimant, it was an interruption of his possession, in which he acquiesced, as he made no effort to recover the possession by action at law. Did the facts justify it, he might have complained in an action of forcible entry, and had the possession restored to him, and a different question then would be presented. If the holder of the paramount title had paid the taxes on this land for any one of the seven years, in advance of payment by the other claimant, it will not be denied the bar would have been incomplete. So getting into possession, in any one of those years, and there quietly remaining, was equally effectual to prevent the bar of the statute. The court, therefore, erred in giving these instructions, and for this error the judgment must be reversed and the cause remanded.

*Judgment reversed.*