The Chicago, Rock Island and Pacific Railway Company

*v.*

Fred Hardt.

*Filed at Ottawa June 15, 1891.*

1. EJECTMENT—*title from common source—how put in issue.* On the trial of an action of ejectment, in which the plaintiff filed his affidavit that both parties claimed title through D, the defendant, as a witness in his own behalf, produced and identified these deeds from M to himself as color of title, and testified that these were the only deeds under

which he claimed the title : *Held,* that his sworn statement was not sufficient to show that he did not claim title under D, as the latter may, after making the deed under which the plaintiff claimed, have made a deed to M of the same premises.

2.  Where the plaintiff in ejectment shows that both parties claim title through a common source, and the defendant denies, under oath, that he claims title under such source, or swears "that he claims title through some other source," this will impose on the plaintiff the burden of going back of the common source and tracing his title from the United States.

3.  SAME—*denial of common source—most strongly against defendant.* The defendant's response to the plaintiff's oath that both parties claim under a common source, must be under oath, and, whether made by written affidavit or in the form of an oral statement at the trial, is in the nature of a pleading and is to be taken and construed most strongly against him.

4.  SAME—*plea of "not guilty" alone, admits possession.* Where the defendant in ejectment files only the plea of not guilty, he thereby admits his possession of the entire premises claimed in the declaration.

5.  LIMITATION—*color of title, possession and payment of taxes.* To establish a bar under section 6 of the Limitation act, the possession and payment of the taxes must both relate to the same land which is described in the color of title. The identity of the premises covered by the color of title with all or some portion of the land in suit must be shown, otherwise the color, possession and payment of taxes are wholly immaterial to the issue.

APPEAL from the Circuit Court of Cook county; the Hon. RICHARD TUTHILL, Judge, presiding.

Mr. THOMAS S. WRIGHT, and Mr. ROBERT MATHER, for the appellant :

The defendant failed to make the denial that he claimed through the common source of title, which the statute requires. His claim is that such denial was necessarily inferred from his reliance upon the Statute of Limitations. This has never been considered a compliance with section 25 of the Ejectment law. *Thomas* v. *Eckard,* 88 Ill. 593; *Paris* v. *Lewis,* 85 id. 598.

To constitute color of title the deed must purport to convey title to the land of which it is claimed to be color of title. *Perry* v. *Burton*, 111 Ill. 138; *Perry* v. *Burton*, 126 id. 599.

A deed is only color of title to that which is shown to be within the description of the grant. *Railway Co.* v. *Barker*, 125 Ill. 303.

It is impossible to say that a deed is color of title to that of which it is not pretended that it assumes to be a conveyance. *Busch* v. *Huston*, 75 Ill. 343.

The proof shows that the possession was of one tract, while the deed set up as color of title, under which the possession was taken and held, describes an entirely different tract. To establish a bar under the statute, the possession and the payment of taxes must relate to the same land which is described in the instrument introduced as claim and color of title. *Cooter* v. *Dearborn*, 115 Ill. 516.

Messrs. Lackner & Butz, for the appellee:

In ejectment, where it appears that the defendant has purchased the premises by deed, and is in possession of the premises, it is *prima facie* evidence that he claims under that title. *Holbrook* v. *Brenner*, 31 Ill. 501.

The statute does not require that an affidavit denying common source of title should have been filed. It merely requires the defendant to deny upon the trial, under oath, that he claims title through such source. Starr & Curtis' Ann. Stat. chap. 45, sec. 25.

In the cases of *Thomas* v. *Eckard*, 88 Ill. 593, and *Paris* v. *Lewis*, 85 id. 598, the question was not raised as to how the denial required by the statute should be made, and we fail to see what effect those cases have upon the question whatever.

Color of title is that which in appearance is a title, but in reality is not. It must be so far *prima facie* good in appearance as to be consistent with the idea of good faith. It must

purport to transfer, and apparently transfer, the title to the holder. *Bolden* v. *Sherman*, 110 Ill. 418.

Where a party having color of title shows the payment of all taxes on the premises for seven successive years, by the production of his tax receipts, showing the date of each payment and the amount thereof, this makes out a *prima facie* defense under the Limitation law of 1839, which must prevail, unless the plaintiff shows that the taxes for some one of the seven years were paid before the defendant made his payment. *Bolden* v. *Sherman*, 110 Ill. 418.

Mr. Justice Baker delivered the opinion of the Court:

This was ejectment, brought by the Chicago, Rock Island and Pacific Railway Company, against Fred Hardt, for the recovery of a strip of land one hundred feet wide, in Cook county, Illinois, said strip being fifty feet in width on each side of a line which enters on the north-east quarter of section 4, township 38 north, range 14, east of the third principal meridian, at a point on the north line thereof eleven chains and sixty-eight links west of the east line of said section 4, running thence south eighty-seven rods. The only plea interposed was that of not guilty, and therefore the possession by the defendant of the entire premises claimed in the declaration was admitted by the defendant. Ejectment act, sec. 21.

At the trial, the company introduced in evidence an affidavit of its attorney that it claimed title to the premises through a common source of title with the defendant,—to-wit, through Charles V. Dyer and Louisa M. Dyer, his wife. It then showed title in itself from such common source through a deed from said Dyer and wife to the Chicago and Rock Island Railroad Company, and certain articles of consolidation dated August 20, 1866, and certain other articles of consolidation dated June 2, 1880. This made out a *prima facie* case for the appellant corporation, unless it can be said that the appellee,

Hardt, pursued a course that, under the statute, imposed upon the company the burden of going back of the common source and tracing its title from the United States.

Section 25 of the Ejectment act provides: "If the plaintiff, or his agent or attorney, will state, on oath, upon the trial, that he claims title through a common source with the defendant, it shall be sufficient for him to show title from such common source, unless the defendant, or his agent or attorney, will deny, on oath, that he claims title through such source, or will swear that he claims title through some other source." There is no pretense that an affidavit denying common source of title was made. In fact, it is contended that the statute requires no such affidavit, and it would seem that the correctness of such contention must be conceded. The statute, however, does require either a denial, on oath, that the defendant "claims title through such source," or else a statement, under oath, that the defendant "claims title through some *other* source." There was, in this case, no sworn denial of any claim of title by the defendant through the source indicated in the affidavit filed by the plaintiff, but it is urged that the evidence of appellee shows that his claim of title is "through some *other* source." Is this latter contention well founded?

Appellee was a witness in his own behalf, and he produced and identified three deeds: one, a deed from Thomas Murphy and wife to himself, for lot 1, in block 3, in Rawson & Ackerley's subdivision; another, a trust deed from said Murphy to H. J. Christoph; and the third, a deed from Christoph to himself, and the two last mentioned conveyances being for lot 2, in said block 3. He testified, in connection therewith, that he claimed lot 1, in block 3, under the deed from Murphy and wife to himself, and claimed title to the other lot under the other two deeds, and that said three deeds were the only deeds under which he claimed the property. *Non constat*, that his claim of title was "through some *other* source" than that indicated in the affidavit made in behalf of the plaintiff. The

common source so designated is "Charles V. Dyer and wife," and it may well be that they first conveyed a right of way to the Chicago and Rock Island Railroad Company, and then made a deed to Rawson and Ackerly, and that Rawson and Ackerly made a deed to Thomas Murphy for lots 1 and 2. Such state of the case would be entirely consistent with everything that is stated in the testimony of Hardt, and yet it would be true that the title of Hardt was in privity with the title of Charles V. Dyer and wife, and deducible, through *mesne* conveyances, from them. It was intended by section 20 of the Ejectment act to confer a substantial benefit upon plaintiffs, and to relieve them from the burden of tracing title back to the government in all cases where the titles of both plaintiffs and defendants are deducible from one and the same source. That which is insisted upon here is in plain evasion and fraud of the statute. The statement made by or on behalf of the defendant, in response to the statement made by or on behalf of the plaintiff, must be made under oath, and whether it is made in the form of a written affidavit or in the form of an oral statement at the trial, it is in the nature of a pleading on his part, and is to be taken and interpreted most strongly against himself. It may be that the three deeds in question are the only deeds under which appellee claims the property. But that is not sufficient. Under the statute, if he wishes to impose upon appellant the duty of tracing title back of the Dyers, it is incumbent upon him either to deny, under oath, that he claims title through said Dyers, or else swear that he claims title through some other source,—*i. e.*, a source *other* and different from that specified in the affidavit of the attorney of appellant. Appellee failed to do this. Appellant established, *prima facie*, a right of recovery.

The defense of appellee to the action of appellant, otherwise than is above indicated, seems to be based on a claim of seven years' possession under color of title made in good faith, with payment of taxes. To establish a bar under section 6 of the

Limitation act, the possession and the payment of taxes must both relate to the same land which is described in the instrument introduced as claim and color of title. (*Cooter* v. *Dearborn*, 115 Ill. 509.) And so, also, the identity of the premises covered by the color of title with all or some portion of the real estate in controversy must be shown, for otherwise the color, possession and payment of taxes, manifestly, are wholly immaterial to the issue. Here, the deeds of appellee are for lots 1 and 2, in block 3, in Rawson and Ackerly's subdivision of the north seventy-four rods of the north-east quarter of section 4, township 38 north, range 14, east of the third principal meridian, lying east of the Chicago, Rock Island and Pacific railroad. We find, however, no evidence whatever in the record that shows that said lots 1 and 2, or either of them, constitute or constitutes all or any portion of the strip of land in said quarter section, which is one hundred feet wide, and which lies fifty feet in width on each side of the line which enters said quarter section at a point on its north line eleven chains and sixty-eight links west of the east line of said section, and runs thence south eighty-seven rods. Therefore, the deeds of appellee may be for lands which lie wholly east of the railroad right of way, and, under the evidence adduced at the trial, said deeds utterly fail to show color of title to all or any portion of the strip of land for which suit was brought.

It was error in the circuit court to instruct the jury to find the issues for the defendant. The judgment is reversed. The cause is remanded.

*Judgment reversed.*