## Jennie McPherson and Charles McPherson v. Richard H. Wood, Administrator of Alletta Thompson.

1. CORAM NOBIS—*Writ of, Abolished—Remedy by Motion.*— The writ of *coram nobis* was employed only to supply or rectify a mistake of fact in a decree or judgment not put in issue or passed upon by the court. The writ was abolished by Sec. 67, Chap. 110 R. S., which provides that such mistake may be corrected by motion in the court, wherein the judgment or decree was entered. The motion is therefore only effectual to reach such mistakes of fact as might have been corrected by the writ, *coram nobis,* before it was abolished.

2. DEATH—*Of Plaintiff, Pending Suit.*—The death of a plaintiff or complainant must be taken advantage of by a plea in abatement, otherwise the judgment or decree will be binding upon the adverse party.

3. MASTER IN CHANCERY—*Failure to Report Sale.*—The failure of a master to report a sale to the court, is not of itself reason sufficient to warrant the court in setting aside the sale.

4. MASTER IN CHANCERY.—*Duty to Report.*--The master in chancery is a public officer, an agent of the court, engaged in discharging an official duty. He is required to make his report of sales to the court and either party to the proceeding can compel the performance of such duty at any time.

5. MASTER IN CHANCERY.—*Reasons for Filing Duplicate Certificate.*—The statutory requirement that a master shall file a duplicate certificate of purchase in the office of the recorder to be spread upon the public records, is not for the purpose of notifying the parties to the foreclosure proceeding that the master has executed the decree, but to notify persons who, as judgment creditors or subsequent purchasers, or otherwise, are interested in but not connected with the proceedings as parties.

**Memorandum.** — Mortgage foreclosure. Appeal from the Circuit Court of Macoupin County; the Hon. JACOB FOUKE, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed December 12, 1893.

### STATEMENT OF THE CASE.

At its June term, 1891, the Macoupin Circuit Court rendered a decree in foreclosure in the case of Alletta Thompson v. Charles McPherson et al., with an order that the master, after giving notice thereof, as specified in the decree, should make public sale of the mortgaged premises, subject to redemption. Under the decree, the master exposed the lands to sale on the 13th day of June, 1891, and

McPherson v. Wood.

then struck off and sold the same to Richard F. Wood, the appellee, the highest bidder therefor. The master, having information that the complainant in the decree had died, refused to deliver a certificate of such purchase to Wood, or to file a duplicate thereof in the office of the recorder of the county, until there should be delivered to him a receipt for the decree debt and interest from the executor or administrator of the complainant. On the 19th day of November, 1892, the master filed, in the County Court, a report that he had made sale of the premises in accordance with the requirements and directions of the decree, but had withheld, and still withheld the certificate of purchase, awaiting proper receipts for the decree debt and costs, and further informed the court that certain parties assuming to represent the deceased complainant, had tendered receipts therefor, but that, on account of the objections of counsel for the appellants herein, he had declined to act in the matter, except upon the order of the court as to his duty in the premises.

The appellee, the purchaser at the master's sale, appeared, advised the court that he had been duly appointed administrator of the complainant, and entered his motion that the purchase by him of the land at the master's sale be approved, and, upon the execution of proper receipt by him as administrator, that the master be ordered to execute and deliver to him a master's deed for the premises. The appellants resisted this application of the appellee and filed their motion, as follows:

The defendants move the court, *coram nobis*, to vacate the decree and set aside the sale made thereunder heretofore granted and entered in this court for the reasons following:

First. Because said decree contains error of fact.

Second. Because the complainant, Alletta Thompson, died long before the entering of this decree and was not in being at the time of the hearing in said cause and the making of said decree.

Third. Because there was no proper notice of said sale.

Fourth. Because there was no certificate of said pre-

tended sale filed in the clerk's office of said court within ten days, or at any other time, as required by law.

Fifth.   Because, the complainant being dead, and there was no administration on her estate, there was no person to whom the defendant could have paid the amount found due the complainant by said decree before said pretended sale.

By A. N. YANCEY, defendant's solicitor.

After a hearing the court entered a decree ordering the master to deliver to the said Wood, the appellee, a certificate of purchase upon the delivery of a proper receipt from the administration of the complainant, and further ordered the master upon presentation of such certificate to him to execute a deed for the premises to the appellee.   This is an appeal from this order or decree.

A. N. YANCEY, attorney for appellants.

E. W. HAYES and RINAKER & RINAKER, attorneys for appellee.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The writ of *coram nobis* was employed only to supply or rectify a mistake of fact in a decree or judgment not put in issue or passed upon by the court.   The writ was abolished by Sec. 67, Chap. 110, R. S., which provides that such mistake of fact may be corrected by motion in the court, wherein the judgment or decree was entered.   The motion is therefore only effectual to reach such mistakes of fact as might have been corrected by the writ, *coram nobis*, before it was abolished.

In rendering the decree of foreclosure, the court necessarily passed upon and determined the amount due to the complainant upon the original indebtedness, and for attorneys' fees, under the provisions of the mortgage, and also necessarily determined that the execution of the mortgage created a lien upon the mortgaged premises, which, of course, included the power and right of the mortgagor to execute the instrument.   Therefore the motion *coram nobis* did not

operate to bring such questions of fact again before the court.

Of all the facts sought to be pressed upon the attention of the court upon the hearing, the motion *coram nobis* had efficacy to bring before the court only one question, whether Alletta Thompson, the complainant in the decree, was living when the decree was rendered, and to authorize the court to consider and determine the effect of the decree if it should appear that she was not living when it was rendered. It is well settled that the death of a plaintiff or complainant must be taken advantage of by a plea in abatement, otherwise the judgment or decree will be binding upon the adverse party. Life Association v. Fassett, 102 Ill. 315. The ruling of the court upon the motion as a motion *coram nobis*, was therefore well advised and correct.

The decree of foreclosure and order of sale was a final decree and became conclusive upon the defendants, as it was not appealed from. Myers et al. v. Manny, 63 Illinois 211.

Hence, we can not consider whether errors intervened in the proceeding antedating the decree or in the action of court in rendering the decree. It only remains to determine as to the propriety and correctness of the ruling of the court upon the matters set forth in the motion of the purchaser, Wood. The failure of the master to report the sale of the court was not of itself reason sufficient to warrant the court in setting aside the sale. Moore v. Titman, 53 Ill. 358.

The remaining contention is that as the master failed to report the sale until after the time allowed by law to the appellant in which to redeem from the sale had expired, the order of the court directing the delivery of the certificate to the appellee (the purchaser) and that the master execute a deed to such purchaser upon presentation of the certificate and demand therefor, had the effect to deprive the appellants of all right and opportunity to make redemption. We do not see the force of this insistance. The appellants were parties defendant to the decree of foreclosure. It is to be presumed that they knew that the land was to be sold by the master. Public notice as required by the decree was given of the

time and place of the sale. The master was a public officer, an agent of the court engaged in discharging an official duty. He ought to have made report to the court, and either party to the proceeding could have compelled the performance of such duty at any time.

It does not appear that the appellants were, in fact, ignorant of the fact that the land had been exposed to sale by the master, nor does it appear that they sought information as to such sale, or as to the acts of the master under the decree. Inquiry of the master would, no doubt, have fully advised them, or the aid of the court might have been invoked to that end. Under such circumstances, it is to be presumed that they were cognizant of the sale, and of all that publicly transpired there. The lands were then and there publicly struck off and sold to the appellee, Wood. The statutory requirement that the master shall file a duplicate certificate of purchase in the office of the recorder to be spread upon the public records, is not for the purpose of notifying the parties to the foreclosure proceeding that the master has executed the decree, but the design is to notify persons who, as judgment creditors, or subsequent purchasers, or otherwise, are interested in, but not connected with the proceeding as parties. A failure to comply with the statute can not, therefore be seized upon by a defendant to the decree as grounds of objection to the sale.

It is urged that it was error for the court to direct the master to deliver the certificate to the purchaser without first approving the sale. It is true that the order or decree appealed does not, in express words, approve or confirm the sale, but such is its legal effect.

Believing that there is no substantial ground of objection to the order appealed from, it is affirmed.