NATHANIEL M: BURNS

v.

WILLIAM EDWARDS et al.

*Filed at Mt. Vernon November 11, 1896.*

1. EJECTMENT—*effect of oath as to common source of title.* Oath by a plaintiff in ejectment that he claims under a common source of title with defendant relieves him from proving title back of such source, unless defendant on oath denies such common source.

2. LIMITATIONS—*proof of payment of taxes under color of title must be convincing.* To bar an action of ejectment on the ground of payment of taxes for seven successive years under color of title the proof must be clear, and tax receipts, unexplained, covering such period, in which the description of the land is varied, are not sufficient.

3. SAME—*possession of land for statutory period must be continuous.* To afford protection under section 6 of the Limitation act (Rev. Stat. 1874, p. 673,) the possession of the land must be continuous, as well as adverse, visible and notorious.

4. COLOR OF TITLE—*must be made in good faith.* A sale of lands for taxes made by a deputy tax collector to a firm of which he is a member is not made "in good faith," being, in effect, a sale by an agent to himself, and a deed based thereon is not color of title.

5. SAME—*deed made to a partnership is not color of title.* A deed made to a partnership in the firm name does not amount to color of title, as, a partnership not being a legal entity, the deed has no legal grantee.

6. SAME—*an equitable title is not sufficient to constitute color.* A deed made to a partnership in the firm name conveys an equitable interest only, and a deed made by the partnership conveying such interest to a third person does not amount to color of title.

WRIT OF ERROR to the Circuit Court of Clay county; the Hon. E. D. YOUNGBLOOD, Judge, presiding.

R. S. C. REAUGH, for plaintiff in error:

A trustee cannot purchase at his own sale, and such a purchase is constructively fraudulent, without regard to the actual intention, good or bad, of the trustee, or whether any actual fraud is intended. Mechem on Public Officers, sec. 524; Cooley on Taxation, 341; Desty on Taxation, 840; *Pierce* v. *Benjamin,* 14 Pick. 356; *Payson* v.

*Hall*, 30 Me. 319; *Taylor* v. *Sturgin*, 1 Gratt. 158; *Everett* v. *Beebe*, 37 Iowa, 452; *Galbraith* v. *Dought*, 24 Kan. 590; *Haxton* v. *Harris*, 19 id. 514; *Cole* v. *Moore*, 34 Ark. 582; *Tracey* v. *Colby*, 55 Cal. 67; 1 Beach's Eq. Jur. secs. 127, 133; *Hammers* v. *Dole*, 61 Ill. 307; *Auburn* v. *Goodwin*, 128 id. 57; *Dayton* v. *Rutland*, 84 id. 279.

BARNES & ROSE, and HAGLE & SHRINER, for defendants in error:

Color of title is a question of law, and a deed regular , in form, with a grantor and a grantee, with land properly described, constitutes color of title.   *Brooks* v. *Bruyn*, 35 Ill. 392; *Fagan* v. *Rosier*, 68 id. 84.

The good faith of a party claiming under such deed is a question of fact for the jury.   *Woodward* v. *Blanchard*, 16 Ill. 424; *Fagan* v. *Rosier*, 68 id. 84.

The jury were justified in finding good faith.   *McCagg* v. *Heacock*, 34 Ill. 476; *McConnell* v. *Street*, 17 id. 273; *Wright* v. *Mattison*, 59 U. S. 50; *Rawson* v. *Fox*, 65 Ill. 200; *Winters* v. *Haines*, 84 id. 585; *Coleman* v. *Billings*, 83 id. 183.

A deed purports good faith unless facts and circumstances attending its execution show that the party accepting it had no faith or confidence in it.   *Dickenson* v. *Breeden*, 30 Ill. 280.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

This is an action brought by plaintiff in error against defendants in error for the recovery of certain lands in Clay county which are thus described in the declaration: "E. ½ N. E. ¼ Sec. 4, and all that part of E. ½ S. E. ¼ Sec. 4 that lies north of the middle of the Little Wabash river, all in town 3, N., R. 7, E. of 3d P. M., containing 100 acres." Plea of not guilty was filed. The case was tried before a jury, who found the defendants not guilty. Motion for new trial was overruled, and judgment for defendants was rendered upon the verdict. The present

writ of error is sued out for the purpose of reviewing such judgment.

Plaintiff's attorney filed an affidavit under the statute, that plaintiff claimed title through a common source of title with the defendants, namely, from Martin R. M. Wallace. The plaintiff then introduced in evidence a quit-claim deed, dated October 2, 1894, and recorded October 4, 1894, executed by Wallace and his wife to plaintiff, conveying the east half of the north-east quarter and the east half of the south-east quarter of said section 4, containing 160 acres; and also a deed, dated May 22, 1865, and recorded May 31, 1865, executed by a master in chancery to Wallace in pursuance of a sale under a decree of foreclosure, rendered by the circuit court of Clay county in the case of Martin R. M. Wallace against Benjamin W. Edwards and Sarah A. Edwards.

The defense of the defendants was possession and payment of taxes for seven successive years under claim and color of title, etc. The deed introduced as color of title was a quit-claim deed, dated June 5, 1885, recorded June 10, 1885, executed by William I. Clifton, clerk of the county court, to "Burns and Hawkins," conveying the east half of the north-east quarter containing $78\frac{44}{100}$ acres, and the east half of the south-east quarter containing 80 acres of said section 4, and reciting sale on June 4, 1883, for non-payment of taxes. Defendants also introduced in evidence a deed, dated December 24, 1891, and recorded December 26, 1891, executed by Richard J. Burns and wife to Edward H. Hawkins, conveying all that part of the east half of the south-east quarter that lies north of the center of the Little Wabash river, 20 acres, and also the east half of the north-east quarter, 80 acres, of said section 4; also a deed, dated and recorded December 26, 1891, executed by Hawkins and wife to the appellees, William Edwards and Young Edwards. The defendants introduced tax receipts for the purpose of showing payment of taxes for the years from 1885 to

1893 inclusive, and examined witnesses upon the question of possession.

The judgment must be reversed. There was not proof of such payment of taxes as the law requires. "Inasmuch as the payment of taxes under color of title operates to defeat the paramount and all other titles, when relied on, the proof must be clear and convincing." (*Hurlbut* v. *Bradford*, 109 Ill. 397; *Perry* v. *Burton*, 111 id. 138). The tax receipt introduced to show the payment of taxes for the year 1889 describes the property as the "E. ½ N. E. ¼, N. side E. ½ N. E. ¼." This receipt does not show the payment of taxes on any part of the east half of the southeast quarter of the section. The tax receipt itself was the only evidence of the payment of the taxes for 1889, and no oral or documentary evidence was introduced to show that the words "N. side E. ½ N. E. ¼" were a mistake for "N. side E. ½ S. E. ¼." There was thus a break in the chain of payments on that part of the premises which was in the south-east quarter of the section. If the year 1889 be taken out, there was not payment of taxes for seven successive years upon the land in the south-east quarter of the section; and yet the judgment was for the land in the south-east quarter as well as for that in the north-east quarter. Again, the tax receipt for the year 1888 describes the land in the south-east quarter as follows: "N. end E. ½ S. E. ¼;" the receipts for the years 1890, 1891 and 1892 describe said land as follows: "N. side E. ½ S. E. ¼;" and the receipt for 1893 describes it as "N. side S. E. ¼." No evidence was introduced to show, that the north end or north side of the south-east quarter, or of the east half of the south-east quarter, was the same as "all that part of E. ½ S. E. ¼ that lies north of the middle of the Little Wabash river." "Tax receipts for the taxes on a part of the survey, without showing what part, are not sufficient of themselves, unexplained, to prove the payment of taxes." (*Stumpf* v. *Osterhage*, 111 Ill. 82).

Again, possession of the premises for a full period of seven years is not shown. It appears from the testimony, that no one was in possession from October, 1890, to December, 1891. There was a hiatus in the possession for a period of more than one year. (*Schenck* v. *White*, 53 Ill. 358). Before protection can be afforded under the Limitation act of 1839, the possession must be continuous, as well as adverse, visible and notorious. (*Medley* v. *Elliott*, 62 Ill. 532). If there is no actual enclosure or residence, there must be a continuous dominion, manifested by continuous acts of ownership. (*Downing* v. *Mayes*, 153 Ill. 330; *Johns* v. *McKibben*, 156 id. 71). Here, there were no acts of ownership, nor was there any other manifestation of dominion, during the period above named.

The plaintiff asked, and the court refused, an instruction, to the effect that, where a plaintiff states on oath upon the trial that he claims title through a common source with the defendant, it is sufficient for him to show title from such common source. We see no reason, why this instruction should not have been given. Plaintiff made the affidavit, that he claimed title in fee simple to the lands in question through Wallace as a common source of title with defendants, in accordance with the statute. (1 Starr & Cur. p. 986). Neither of the defendants, nor any agent or attorney for them, denied on oath that they claimed title through such source, or that they claimed through some other source. Where the plaintiff in ejectment swears that both parties claim title through a common source, he is not obliged to go back of the common source and trace his title from the government, unless the defendant denies under oath that he claims title under such source, or swears that he claims title under some other source. (*Chicago, Rock Island and Pacific Railway Co.* v. *Hardt*, 138 Ill. 120; *Cairo and St. Louis Railroad Co.* v. *Parrott*, 92 id. 194; *Smith* v. *Laatsch*, 114 id. 271).

But, in our view of the case, there is a more serious objection to the defense set up by the defendants than

any which has yet been referred to. The tax deed relied upon as color of title was executed in pursuance of a sale made on June 4, or June 5, 1883, for non-payment of taxes. This sale was made by Edward H. Hawkins, acting as crier or auctioneer for the county treasurer and collector. Hawkins was at that time clerk and deputy of the county collector. The Revenue act (secs. 152, 153), provides that collectors may appoint deputies, and for warrants to such deputies. (2 Starr & Cur. Stat. pp. 2073, 2074). It also provides (sec. 201), that the collector shall attend at the court house and offer for sale the delinquent lands, either in person or by deputy. (Id. p. 2094). At the sale so made by Hawkins the land in question was bought by the firm of Burns & Hawkins engaged in the business of making abstracts of title and handling real estate, of which firm Edward H. Hawkins was a member. · In other words, Hawkins, acting as deputy collector, sold the land to himself or to a firm of which he was a member.

It is a well settled rule, that a trustee or agent to purchase or sell property is forbidden to purchase from or sell to himself. Equity will not allow any one to profit by a violation of his own duty. A design on the part of such a trustee or agent to purchase or sell on his own account creates an interest which is opposed to his duty to another. "The rule applies to sales made at public auction and to judicial sales as well as private sales. * * * It extends not only to the agent himself, but to those in his immediate employ who are engaged in the transaction of his business, which is, necessarily, the business of the agent's principal." (1 Beach's Eq. Jur. secs. 127, 133; *Lagger* v. *Mutual Union Loan Ass.* 146 Ill. 283). In the present case, when Hawkins permitted Burns, his partner, to buy this property, for the firm of which they were both members, at a tax sale made by Hawkins as a public official, he did what he had no right to do ; and he was bound to know that such a transaction was against the law. Therefore, the tax deed issued to the firm in

pursuance of the sale so made cannot be regarded as "claim and color of title made in good faith" within the meaning of section 6 of the Limitation act. To permit public officers thus to buy at public sales made by themselves would be fraught with serious danger to the interests of the public and of property owners. It has been said, that the good faith, required by the statute in the creation or acquisition of color of title, is a freedom from a design to defraud the person having the better title. (*McCagg* v. *Heacock*, 34 Ill. 476). When a public official sells the property of the person having the better title to himself, such act is in itself evidence of a design to defraud.

It follows, that neither the firm of Burns & Hawkins, nor either member of it, could set up the tax deed in question as color of title made in good faith under the Limitation law. Whether or not a purchaser from the firm, or either of its members, before the period of seven years had run, would be affected by such want of good faith may be a question. It has been held that, where there is such a fraud upon the owner of the land as to take from the defense the statutory element of good faith, a purchaser from the grantee in the tax deed would not be affected by it. (*Morrison* v. *Norman*, 47 Ill. 477; *Bowman* v. *Wettig*, 39 id. 416; *Dalton* v. *Lucas*, 63 id. 337). But this rule only applies where the grantee in the deed is the holder of the legal title, and where, by consequence, the purchaser from such grantee, is also the holder of the legal title. The instrument, which can be used as color of title, must be one, which has a grantor and grantee, and purports on its face to convey the legal title. (*Cole* v. *Pennoyer*, 14 Ill. 158; *Dickenson* v. *Breeden*, 30 id. 279; *Morrison* v. *Norman, supra; Hinckley* v. *Greene*, 52 Ill. 223; *Foster* v. *Letz*, 86 id. 412). A certificate of purchase at a tax sale is not color of title. An executory contract for a conveyance is not color of title. (*Dickenson* v. *Breeden, supra*). A bond for a deed is not color of title.

(*Rigor* v. *Frye*, 62 Ill. 507). The vendee in a contract to convey has a mere equitable title. The tax deed in this case was a deed to Burns & Hawkins. Upon its face it purported to be a deed to a firm or partnership. We have recently said: "A partnership is not a legal person either natural or artificial. Hence, a conveyance to a partnership in the partnership name is insufficient to convey the legal title, and is valid only as a contract to convey, and vests only an equitable title in the partnership. * * * In such a deed there is * * * no legal grantee." (*Silverman* v. *Kristufek*, 162 Ill. 222). The same doctrine is announced in 1 Bates on Law of Partnership, sec. 296, and in 17 Am. & Eng. Ency. of Law, p. 959, and cases cited.

The deed here set up as color of title, being a deed to a partnership, is nothing more than a contract to convey, and vested only an equitable title in Burns & Hawkins, whose deeds to defendants in error vested in them only an equitable title. The tax deed, being an instrument which on its face amounts only to a contract to convey, is not such an instrument as amounts to color of title under the Limitation act. Therefore, even if defendants in error could not be affected by the circumstance already referred to as indicating the absence of good faith on the part of Burns & Hawkins, they are not purchasers from grantees holding a legal title, but purchasers of a mere equitable title, or assignees of a contract to convey. The tax deed is equally unavailable, when invoked by them as color of title, as it would be in the hands of the firm named therein.

For the reasons here stated, the judgment of the circuit court is reversed, and the cause is remanded to that court for further proceedings in accordance with the views herein expressed.        *Reversed and remanded.*