## George Bell

### *v.*

### Anna Neiderer.

*Opinion filed November 8, 1897.*

1. LIMITATIONS—*proof of payment of taxes under color of title must be clear.* One relying on the payment of taxes for seven successive years under color of title has the burden of proving such payment by clear and convincing evidence.

2. EVIDENCE—*when evidence is insufficient to prove seven years' payment of taxes.* Payment of taxes for seven successive years is not established where part of the tax receipts relied upon contain descriptions too uncertain to identify the payments as having been made upon the particular property in dispute, and there is no oral evidence connecting them therewith.

APPEAL from the Circuit Court of Mason county; the Hon. George W. Herdman, Judge, presiding.

EDMUND P. NISCHWITZ, and JOHN W. PITMAN, for appellant.

I. R. BROWN, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

George Bell, the appellant, brought an action in eject-ment in the circuit court of Mason county against Anna Neiderer, the appellee, for the recovery of a tract of land situated in that county, described as so much of the north half of the fractional north-west quarter of section 18, township 20, north, range 9, west of the third principal meridian, as lies south of the "Bath shute" of the Illinois river, containing 34.23 acres, more or less. On a plea of not guilty issue was joined and a trial had by the court without the intervention of a jury, resulting in a finding and judgment in favor of the defendant.

It is conceded on both sides that the land in contro-versy was swamp and overflowed lands, and as such, by virtue of the act of Congress and the statutes of this State, the title became vested in the county of Mason. The plaintiff, to prove his title, showed a deed from Ma-son county to one Isaac Vail, dated April 21, 1864, for the fractional south-west quarter of the north-west frac-tional quarter, and the fractional south-east quarter of the north-west fractional quarter, of said section 18, each containing 48.53 acres, under which he claimed title. It is evident this deed, so far as it purports to describe land by Congressional survey, does not cover that here in con-troversy. He also introduced in evidence a deed to him-self, dated January 31, 1895, from the heirs of Sarah V. Heberling, deceased, sole heir of Isaac Vail, deceased, and also a deed to himself from Mason county, dated July 16, 1896, both of which did convey the land in question by proper description. The defendant introduced in evi-dence a sheriff's deed for the same land to one Arnold Neiderer, dated June 12, 1876, and a deed from one Joseph-

ine Neiderer, dated February 24, 1877, to Arnold Neiderer, and connects herself with that chain of title by the will of Arnold Neiderer, deceased, in which he devised his lands to her for life. Her defense to the action is the seven year statute of limitations, and the conveyances above mentioned were relied upon as color of title. The evidence upon the question of her possession was conflicting. To establish the payment of taxes she introduced a series of tax receipts from 1881 to 1895, inclusive, except for the year 1883.

Rejecting the deed from Mason county to Isaac Vail, the evidence of the plaintiff was still sufficient to support his claim of title, he holding the title from Mason county under his deed of July 16, 1896. To overcome this title it was necessary for the defendant, under her claim, to show color of title acquired in good faith, together with possession and payment of taxes for seven successive years. (*County of Piatt* v. *Goodell*, 97 Ill. 84.) It is not essential to determine in this case whether the sheriff's deed introduced by the defendant was sufficient to show color of title acquired in good faith. It does not follow, however, because that deed may have been irregularly obtained, that it was not done in good faith. But the evidence reveals no bad faith whatever in taking the deed from Josephine Neiderer, and that, of itself, would constitute sufficient color of title. "There may be good faith notwithstanding the actual knowledge of existing claims or liens, or knowledge of legal defects which prevent the title, of which there is color, from being absolute." *Coward* v. *Coward*, 148 Ill. 268.

On the question of possession, the evidence, as already stated, was conflicting, and in our view of the case on the question of the payment of taxes, whether the proof of possession was sufficient need not now be discussed. The evidence fails to prove payment of taxes for the requisite period. The rule is, that the taxes must have been paid by or on behalf of the person having color of title and

actual possession, and the burden is on the party claiming under such title to prove the payment by clear and satisfactory evidence. (*Timmons* v. *Kidwell*, 138 Ill. 13.) Such payment may be shown by oral evidence or by a tax receipt, and in case of error in the receipt the same may be explained by parol. "But whatever mode may be adopted, the evidence must be clear that they have been paid, and that it was under the claim and color of title interposed as a bar to the recovery." (*Hardin* v. *Gouveneur*, 69 Ill. 140.) "Inasmuch as the payment of taxes under color of title operates to defeat the paramount and all other titles, when relied on the proof must be clear and convincing." (*Burns* v. *Edwards*, 163 Ill. 494.) In this case the payment of taxes was attempted to be shown by a series of tax receipts alone, all of which save five, viz., those for the years 1890 to 1894, inclusive, contain descriptions which are too uncertain to identify the payments as made on this land. For instance, one of the receipts, that for 1881, reads: "The fractional part of the north half of the northwest quarter of Sec. 18, Tp. 20, N., R. 9, W. of 3d P. M., containing 14.48 acres." And another, that for 1885, reads: "Part of the north half of the N. W. $\frac{1}{4}$," etc. According to the evidence of the surveyor this north half contains 63.95 acres, of which 26.44 acres lie south of the river, 17.48 acres in the bed of the river, and 19.93 acres north of the river. It is impossible to tell what part of the north half of the quarter the receipts cover. The same infirmity exists in all the tax receipts except those for the years 1890 and 1891, which describe "the fractional west half of the N. W. $\frac{1}{4}$," etc., and cover a part of the land; and those of the years 1892, 1893 and 1894, which describe "the fractional north half of the N. W. $\frac{1}{4}$," covering all of the land in question. All of the receipts introduced by the defense purport to pay on 14.48 acres only.

While the number of acres mentioned in a tax receipt will not control a description which is otherwise perfect, yet on the question of fact as to whether these receipts

were for the taxes on the land in controversy one can hardly resist the conclusion, under this evidence, that they were not. We have examined the record and find no oral evidence connecting the payment mentioned in the receipts with this particular piece of ground, and none which shows payment independently of the receipts.

Our conclusion is that the evidence does not show payment of taxes for seven successive years, as required by the statute, and therefore the judgment of the circuit court was erroneous, and it will be reversed and the cause remanded.                                        *Reversed and remanded.*