ANNA NEIDERER

*v.*

GEORGE BELL.

*Opinion filed October 24, 1898.*

1. LIMITATIONS—*effect where tax receipts misdescribe land.* One who has paid the taxes actually assessed against land under color of title acquired in good faith is entitled to the benefit of the statute, although the land may have been misdescribed in the tax receipts, provided he is able to remove the uncertainty by extrinsic evidence.

2. SAME—*party cannot derive benefit from misdescription in tax receipt.* The fact that part of the tax receipts held by defendant in eject-ment include in their description the tract in controversy does not establish the defendant's title thereto under the Statute of Limi-tations, where the evidence shows that the tract was not in fact assessed to the defendant nor the taxes thereon paid or intended to be paid by her.

3. PROPOSITIONS OF LAW—*court may refuse propositions repeating sections of the statute.* Propositions of law which merely repeat the statute law of the State applicable to the case may be refused.

4. EVIDENCE—*what not proper proof of entry of land.* The statute makes the official certificate of the register or receiver of any land office evidence of an entry of any tract of land in his district, and such entry cannot be proven by a book certified by the State Auditor to the county clerk.

APPEAL from the Circuit Court of Mason county; the Hon. THOMAS N. MEHAN, Judge, presiding.

R. W. MILLS, for appellant.

EDMUND P. NISCHWITZ, and JOHN W. PITMAN, for ap-pellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This case was before us on a former appeal. (*Bell* v. *Neiderer*, 169 Ill. 54.) It has been again tried by the court without a jury, and the trial resulted in a finding and judgment for the appellee, George Bell, who was plaintiff in the action. The plaintiff showed title, as before, un-

der a deed to him from Mason county, dated July 16, 1896, and the defendant introduced in evidence the same deeds and will. Her defense, as before, was the payment of taxes for seven successive years under color of title acquired in good faith, creating title under the Statute of Limitations.

The land in controversy is that part of the north half of the north-west quarter of section 18, township 20, north, range 9, west of the third principal meridian, lying east and south of the bath chute of the Illinois river, containing 34.23 acres. At the trial both parties made claims to possession for themselves or those under whom they attempted to claim, but the acts relied upon were occasional and temporary, not constituting possession. Up to the time when defendant fenced the land, in 1896, it was never in the actual possession of any one, and there was no improvement of any kind upon it, but it was vacant and unoccupied.

The defendant, to prove payment of taxes on these 34.23 acres in controversy, offered in evidence tax receipts for the years 1886 to 1894, inclusive. These receipts, up to 1891, did not describe this land. Those for 1886, 1887 and 1888 were for payment of taxes on part of the north half of the north-west quarter of section 18. The receipt for 1889 was for payment on part of the west half of the north-west quarter of section 18, and the receipt for 1890 described the fractional west half of the north-west quarter of section 18. All of the receipts introduced for the whole period from 1886 to 1894, inclusive, gave the tract as containing 14.48 acres. It was proved by the original survey and field notes, together with a certified copy of a plat of the section from the land office in Washington, that the Bath chute of the Illinois river passes through the north-west quarter of the section, entering in the north-east corner, running southwesterly and passing out on the west side. According to these records, that part of the north half of the

north-west quarter lying north of the river as surveyed,
contains 14.48 acres, and that part south, which is the
part in controversy, 34.23 acres.  They also showed the
south-east quarter of said north-west quarter as contain-
ing 40 acres, and the south-west quarter of said north-
west quarter 22.82 acres, so that the portion of the
north-west quarter south and east of the river contains
97.05, which is written diagonally on the original plat.
Defendant made an attempt to show that these tax re-
ceipts which did not describe the land were in fact for
the payment of taxes assessed against it.  For this pur-
pose she proved that the land taxed was assessed under
the description of the fractional north half of the north-
west quarter of section 18, township 20, north, range 9,
west, 14.48 acres, and was so carried upon the tax judg-
ment record, except in one instance in 1890, when a mis-
take was made by the collector in copying the delinquent
list.  It was also admitted that in the year 1864, and ever
since, the assessors' and collectors' books had described
a tract of land by the above description, but it was also
agreed that during the same period said books had de-
scribed a tract as fractional south half of the north-west
quarter of section 18, township 20, range 9, west, 97.06
acres.  Plaintiff proved the payment of the taxes on the
latter tract from 1886 to 1892, inclusive, by W. Heberling,
in whose name the same stood, and for 1893 and 1894 by
Heberling sisters, and these parties were claiming title
to all of the land in the quarter section south and east
of the river.

Only legal titles are considered in an action of eject-
ment, but in this case the legal title claimed by de-
fendant rests upon color of title acquired in good faith
and the payment of the taxes legally assessed against the
land, and this she was bound to prove.  If, in addition
to color of title and good faith, she paid the taxes actu-
ally assessed against the land, she would be entitled to
the protection of the statute although the land may have

been misdescribed in the receipts. (*Sholl* v. *German Coal Co.* 139 Ill. 21.) And the opportunity to make such proof was left open to her by the former decision. On the other hand, it must be true that if some assessment or some tax receipt held by her should misdescribe the land assessed so as to include this tract, when it is plain from the evidence that this tract was not assessed or the taxes paid or intended to be paid by her, she would not be entitled to its protection. It is true that a perfect description of a tract of land will not be overcome by the mere fact that the number of acres is incorrectly stated. Acreage is not descriptive of land, and does not afford as certain means of identification as a description by section or subdivision, but the identity of the land which is assessed may be determined partly from acreage or from its association with the person in whose name it is assessed as owner, as in the case above referred to. As between the State and the owner, the question whether payment has been made on a tract of land is not the same as the question whether a description is sufficient to enforce compulsory payment by a sale of the land. The owner may recognize a description as intended to cover his land, and, although it may be assessed by a wrong name or wrong number, if it can be so identified we do not see why he should not be entitled to the protection of the statute, upon making payment. In this case there is much more than the mere fact that the number of acres in the north half of the north-west quarter is incorrectly stated in the receipt as 14.48. The taxes for the first four years were paid by Arnold Neiderer, under whose will defendant claims, and whatever the description was on the books, when he took a receipt he took it for part of the north half of the north-west quarter. It is as fair an inference from the evidence that this receipt was intended by him and the collector as a correction of a misdescription in the assessment, and that the payment was not made or intended to be made on more than the tract of 14.48 acres, as that it was an

error of the collector in making it out. It would be very strange if such a change, happening four successive years, should be a mere accident. The collector testified, and his testimony was merely that the payment was the payment of that tax which was extended under the description in the book. The land south of the river stood in the name of W. Heberling, and although the description was not broad enough, the whole tract south of the river was assessed in that name and the taxes paid, and the tract north of the river stood in the name of Neiderer and was assessed, although by a description too broad. There is no difference shown in the parts of the section, and the valuation and amount of tax also show that the 14.48 acres was all that was assessed to defendant or Arnold Neiderer. The proof shows that this land was not in fact assessed to defendant or those through whom she claims. It was actually assessed, under a misdescription, to another party, who claimed the title and paid the taxes. The evidence, in our judgment, was not sufficient to show that the payments were of taxes assessed against this land, but, on the contrary, it shows pretty satisfactorily that they were not. We think that the question of fact as to payment of taxes was properly decided.

It is argued that the court should have excluded all the evidence as to the south half of the north-west quarter, but we think it was competent on the question whether this land was assessed. The same may be said of the receipts for payment of taxes on land south of the river.

It is also insisted that the court erred in refusing propositions of law numbered 8 and 9, submitted by the plaintiff. They merely repeated the provisions of the sixth and seventh sections of the Limitation act, respectively, and stated that if defendant had complied with such provisions her title was superior to that of plaintiff. It is certainly not necessary to repeat the provisions of the statute law of the State, and to have the court say whether it is the law or not.

It is complained that the court erred in excluding a book certified by the State Auditor to the county clerk, in which appeared an entry July 29, 1836, by John Knight, of the north half of section 18, township 20, range 9, 14.48 acres. A book of this character has been held not admissible in evidence to prove an entry of land. (*Huls* v. *Buntin,* 47 Ill. 396.) The statute makes the official certificate of the register or receiver of any land office evidence of an entry of any tract of land in his district, but the statute has not made a book of this character evidence. The only statute pointed out by counsel is section 10 of chapter 133. (Hurd's Stat. 1889, p. 1346.) That section relates only to certified copies of original field notes.

The judgment is affirmed.    *Judgment affirmed.*