(LOCAL LAW.)

## WALDEN v. THE HEIRS OF GRATZ.

Under the Act of Assembly of Kentucky, of 1798, entitled, " An Act concerning champerty and maintenance," a deed will pass the title to lands, notwithstanding an adverse possession.

The statute of limitations of Kentucky, does not differ essentially from the English statute of the 21st James I. c. 1., and is to be construed as that statute, and all other acts of limitation founded upon it, have been construed. The whole possession must be taken together; when the statute has once begun to run it continues, and an adverse possession under a survey, previous to its being carried into grant, may be connected with a subsequent possession.

ERROR to the circuit court for the district of Kentucky. This was an action of ejectment in which the defendants in error were the lessors of the plaintiff in the court below. The declaration in ejectment was returned to the November term of that court, 1813. At the May term, 1814, the suit was abated as to one defendant; judgment by default was entered against Joseph Day, another defendant; and the defendants were admitted to defend instead of the casual ejector. The lessors of the plaintiff claimed under a patent issued to John Craig, in November, 1784. On the 20th of April, 1791, John Craig conveyed the lands mentioned in the declaration, in trust, to Robert Johnson, Elijah Craig, and the survivor of them. On the 11th of February, 1813, Robert Johnson, styling himself surviving

trustee, conveyed to the lessors of the plaintiff. The defendants below, now plaintiffs in error, claimed under a patent issued to John Coburn in September, 1795, founded on a survey made for Benjamin Netherland in May, 1782. John Coburn, claiming under the said survey, entered thereon about the year 1790, and dwelt in a house within the limits of said survey, but without the lines of Craig's patent. On the trial, the counsel for the defendants below moved the court to instruct the jury,

1st. That if the defendants, and those under whom they claim, were in the actual adverse possession of the lands in question, at the making of the deed by Craig's trustee to the lessors of the plaintiff, that deed did not pass such title as would enable them to recover in this suit.

2d. That if the defendants, and those under whom they claim, were in the actual adverse possession of the lands in question, at the making of the deed by Craig's trustee to the lessors of the plaintiff, and had held such adverse possession for twenty years next before said time, that said deed did not pass such title as would enable the plaintiffs to recover in this suit.

3d. That if the defendants, and those under whom they claim, have had possession of the land in question, or any part thereof, for twenty years next before the commencement of this suit, that the plaintiff cannot recover the lands so possessed for twenty years.

On the two first points, the court instructed the jury that, according to the principles of the common law, the deed from Craig's trustee to the lessors of

the plaintiff, would not pass the title to the lessors of the plaintiff; but that under the operation of the act of assembly of the state of Kentucky, of 1798, the said deed was valid, and did pass the title to the lessors of the plaintiffs, notwithstanding the adverse possession of the defendants. The court refused to give the last instruction applied for, but did instruct the jury that if Coburn entered upon the land in controversy, under the survey on which his patent was founded, and he, and those holding under him, held the said lands for twenty years and upwards, prior to the commencement of this suit, yet, as the patent to Coburn did not issue until 1795, such possession could not avail the defendants claiming under the said Coburn, but that the plaintiffs could recover, notwithstanding such possession. To these opinions and instructions, given by the court, the counsel for the defendants below excepted, and the cause was brought by writ of error into this court.

*Hardin*, for the plaintiff in error, and defendant in ejectment. 1. No person out of possession can grant; First, because at common law there must be livery of seisin. Secondly, because the grantee could not purchase a mere right of action. Coburn was in possession *adversely;* therefore, the deed from Craig's trustee to the lessors of the plaintiffs was void. 2. The limitation of twenty year's possession by the defendant before notice of the ejectment was a complete bar. 3. The deed of trust was *joint*, and it was incumbent upon the plaintiff to prove that one of the trustees was dead. The recital in the deed of con-

veyance that E. Craig was dead, was no sufficient evidence of that fact, except as between the grantor and grantee. 4. There is error in the judgment by default against *Day.*

*Hughes* and *Talbot,* contra. 1. Before the act of 1798, " concerning champerty and maintenance," no title could pass without an actual possession of the grantor; but this statute has abrogated the common law in that particular. But, in fact, Coburn was not in possession *adversely,* and a grant from the commonwealth of vacant lands, gives the patentee a right to convey. 2. A person leaving it equivocal what his possession was, cannot have an instruction in his favour. It does not appear what part the defendant possessed, nor was the instruction asked under an adverse possession. Twenty years' possession was no bar: the local courts adhere to the English principle, that when the statute has once begun to run, it continues; but the act of assembly differs materially from the English act of 21 James I. c. 1.: and, after the statute has begun to run, it stops if the title passes to a person under any legal disability, and recommences after the disability is removed.

MARSHALL, Ch. J., delivered the opinion of the court, and, after stating the facts, proceeded as follows:

The act of assembly, on which the opinion of the court below, on the first question, was given, is entitled, " An act concerning champerty and maintenance." It enacts. " that no person purchasing, or

1816.

Walden
v.
The Heirs of
Gratz.

procuring an interest in any legal or equitable claim to land held, &c., shall be precluded from prosecuting or defending said claim, under such purchase or contract; neither shall any suit, or suits, brought to establish such purchase, or make good the title to such claim, be considered as coming within the provisions, either at common law or by statute, against champerty or maintenance," &c. This court is of opinion, that this statute enabled the lessors of the plaintiff to maintain a suit in their own name for the lands conveyed to them, and that there is no error in this instruction of the circuit court.

On the third question the circuit court instructed the jury that an adverse possession under a survey, previous to its being carried into grant, could not be connected with a subsequent possession, but that the computation must commence from the date of the patent. In giving this opinion, the court unquestionably erred. No principle can be better settled than that the whole possession must be taken together.

The counsel for the defendants in error have endeavoured to sustain this opinion by a construction of the statute of limitations of Kentucky. They contend, that after the statute has begun to run, it stops, if the title passes to a person under any legal disability, and recommences after such disability shall be removed. This construction, in the opinion of this court, is not justified by the words of the statute. Its language does not vary essentially from the language of the statute of James, the construction of which has been well settled; and it is to be construed as that statute, and all other acts of limi-

tation founded on it, have been construed. This court is, therefore, of opinion, that there is error in the instruction given by the circuit court to the jury on the third prayer of the plaintiff in error.[a]

It has been contended by the counsel for the plaintiff, that there is also error in the judgment rendered against Joseph Day by default; but of his case the court can take no notice, as he is not one of the plaintiffs in error, and the judgment rendered against him is not before us. The judgment must be reversed for error in the directions of the court to the jury on the third point, on which instructions were given.

JUDGMENT. This cause came on to be heard on the transcript of the record, from the circuit court for the district of Kentucky, and was argued by counsel. On consideration whereof this court is of opinion, that there is error in the proceedings and judgment of the circuit court in this, that the judge thereof directed the jury that the tenants in possession could not connect their adverse possession previous to the date of the patent under which they claimed with their adverse possession subsequent thereto, but in the length of time which would bar the action could compute that only which had passed subsequent to the emanation of their grant. Wherefore, it is considered by the court, that the judgment of the cir-

a Vide 4 *T. R.* 300. Doe, ex dem. Durouse, v. Jones.

cuit court be reversed and annulled, and that the cause be remanded to the circuit court, with directions to award a new trial therein.

Judgment reversed.