EBENEZER JAYNE

*v.*

ROBERT F. GREGG.

</div>

1. TAXES — *for whose benefit paid.* The principle has been repeatedly settled by this court, that the benefit arising from the payment of taxes upon real estate, by a party without title or interest, does not inure to the benefit of the party claiming under color of title.

2. So, where A paid taxes on real estate, from 1853 to 1858 inclusive, and, in March, 1858, conveyed his title to B, who paid the taxes from 1859 to 1863 inclusive; *Held,* that A, having parted with his title before the taxes for the year 1858 became a lien upon the land, was under no obligation to pay them; and that B cannot claim the benefit of A's payment, as against the patent title.

3. RESIDENCE — *when must be shown.* The defendant in ejectment, pleading the limitation law of 1853 in bar, fails, if his residence be not shown. In the absence of any evidence, actual residence cannot be presumed.

4. DEED — *when delivered.* In the absence of proof to the contrary, the presumption is, that a deed is delivered on the day of its date.

WRIT OF ERROR to the Circuit court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was an action of ejectment, brought in the Circuit Court of Marion county, May 19th, 1863, by Ebenezer Jayne, to recover the undivided nine-thirteenths of a forty acre tract of land in that county, claimed by Robert F. Gregg. The cause was tried at the March Term, 1864, of the Circuit Court of that county.

Jayne, the plaintiff in the court below, derived title from Solomon C. Dickinson, the original patentee, and, on trial, introduced in evidence, without objection, the patent from the United States, dated 10th October, 1840, and a warranty deed, in due form, from Dickinson to Jayne, dated 6th November, 1862, and rested.

The defendant, without objection, introduced in evidence the following deeds:

1. Stephen Dickinson, Adm'r of the estate of Reuben Dickinson, deceased, to Robert M. Elliott; dated October 31st, 1851.

2. Robert M. Elliot and wife to Isaac McClelland; warranty deed, dated February 16th, 1852.

3. Isaac McClelland and wife to Charles Floyd Jones; warranty deed, dated March 27th, 1852, conveying an undivided interest of four-thirteenths.

4. Isaac McClelland and wife to Morris Ketchum; warranty deed, dated April 10th, 1852, conveying an undivided interest of nine-thirteenths.

5. Morris Ketchum and wife to John W. Stevens; warranty deed, dated April 20th, 1857, conveying the interest acquired from McClelland.

6. John W. Stevens and wife and Charles Floyd Jones and wife to Robert F. Gregg; warranty deed, dated March 1st, 1858. Acknowledged by Stevens and wife on the 27th of March, A. D. 1858, in New Jersey. Acknowledged by Jones and wife on April 8th, 1858, in Illinois.

The lands purported to be conveyed by all the aforesaid deeds were the premises in controversy, and the said deeds were properly executed, acknowledged and recorded. The defendant then proved that he, and those who held the title now owned by him, had been in possession of the premises in controversy since 1854, and that he was still in possession; that all the taxes on said land from 1853 to 1858, both inclusive, had been paid by Charles Floyd Jones, and that he had paid all the taxes on said land from 1859 to 1863, both inclusive, and then rested. No further evidence was introduced by either party.

Trial by the court and judgment for the defendant. Motion for a new trial overruled. The plaintiff brings the cause to this court upon writ of error.

Mr. B. B. SMITH, for the plaintiff in error.

The defendant utterly failed to prove payment of taxes on nine-thirteenths for seven years in succession, by the person holding color of title. Payment of taxes must be made by the person who held the color of title at the time of the payment. *Chickering* v. *Failes*, 26 Ill. 521, 522; *Stearns* v. *Gittings*, 23 id. 391, 392; *Bride* v. *Watt et al.*, id. 506; *Fell* v. *Cessford*, 26 id. 525.

Mr. H. K. S. O'MELVENY, for the defendant in error.

Aside from the defendant's rights under the Laws of 1839, of claim and color of title, etc., he has shown a title deduced of record from the administrator's sale, and ten years payment of taxes with actual possession. The plaintiff's claim is barred under the Law of 1835. R. S. 1845, p. 349, § 8.

The presumption is only *prima facie* that a deed is delivered on the day of acknowledgment, and that presumption is rebutted by the fact that the grantor of defendant paid the taxes for 1857, and the acknowledgment of the deed was on April 8th, 1858.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of ejectment, in which the plaintiff proved a title derived from the patentee, and the defendant showed color of title by a deed to one Jones, and a deed from Jones to himself. He also proved that Jones paid the taxes for the years 1853 to 1858, inclusive, and that he himself paid the taxes from 1859 to 1863, both inclusive. But the weakness of this defense lies in the fact that the deed from Jones to the defendant bears date March 1, 1858, and it was acknowledged on the 27th of March, 1858. In the absence of all proof, the presumption is that it was delivered on the day of its date. At the time, then, that the defendant acquired his color of title, to wit, March, 1858, the taxes for that year had not become a lien on the land, and did not become so until the 1st of May, 1858, and, although the day of their payment does not appear by the record, they could not have been in fact paid until long after that date. When Jones paid them he had parted with his title, and, as they were not a lien at the time of his conveyance, he was under no obligation to pay them. Payment by him was merely payment by a stranger, and the defendant, who had the colorable title, and should have paid the taxes, can derive no aid from the payment by Jones. This principle has been repeatedly settled by this court. *Fell* v. *Cessford*, 26 Ill. 525, and cases there cited. If Jones had held a lien on the land, a different question would have been presented, but, so far as the record discloses, he had no interest in it.

Counsel in their brief appeal to the limitation law of 1835. But that law requires residence, and there is no evidence in this record showing what the character of the possession was. We cannot presume it was by actual residence as required by that act. The judgment must be reversed, and the cause remanded.

*Judgment reversed.*