William Timmons *et al.*

*v.*

Elias Kidwell *et al.*

*Filed at Springfield May 11, 1891.*

1. EJECTMENT—*prima facie proof of title.* In 1842 A conveyed a tract of land to B, who took immediate possession, and continued in the possession until 1864, when he conveyed to C, who took immediate possession and retained it until in 1868, when he, by a verbal contract, sold the premises to D, who gave his notes for the price and took possession, but never paid the notes. In 1887 C died testate, having devised his interest in the land to the plaintiffs: *Held,* on ejectment by the plaintiffs against one holding under D, that these facts showed a *prima facie* title in plaintiffs, entitling them to recover, in the absence of proof of a paramount title by the defendant.

2. SAME — *demand when necessary — waived by failure to plead it.* Where a party acquires the possession of land under a parol contract of purchase, and he and those succeeding to his interest fail to pay the purchase money, and the vendor's devisees bring ejectment for the land, no proof of a prior demand will be necessary under the statute, where no plea is filed, under oath, denying demand of possession. If demand were necessary before suing, it will be waived by a failure to interpose such a plea.

3. STATUTE OF LIMITATIONS—*color of title—seven years' payment of taxes—who must pay taxes.* To constitute a bar under the act of 1839 evidence of actual possession, and payment of taxes, by or on behalf of the party having color of title, for seven successive years, is indispensable. It is not enough that the taxes have been actually paid for that period. They must have been paid by or on behalf of the person having color of title and actual possession, and the burden is on the party claiming under such title to prove the payment by clear and satisfactory evidence.

4. Where the color of title was in a married woman, the payment of the taxes thereon for over seven successive years by her husband, in his own name and under a claim of ownership, will not constitute a bar to an action by the owner of the title.

5. COLOR OF TITLE—*what constitutes—good faith in grantee.* A deed between parties competent to make and receive a deed, which by apt words purports to convey land, is good color of title under the seven years' limitation law, although the grantor had no title to convey.

6. The mere fact that a grantor has no title appearing of record is not sufficient to raise a presumption of bad faith in his grantee, under the Limitation law.

7. ADVERSE POSSESSION—*what constitutes.* Where an entry is made upon land with the consent of the owner, and subservient to his claim of title, the law will presume that the continued possession is in subordination to the title of the owner. The element of hostility is an indispensable ingredient of adverse possession.

APPEAL from the Circuit Court of Moultrie county; the Hon. C. B. SMITH, Judge, presiding.

Mr. JOHN R. EDEN, and Mr. R. M. PEADRO, for the appellants:

In ejectment, proof of a prior possession of land by a party claiming to be the owner in fee is *prima facie* evidence of his seizin in fee. *Anderson* v. *McCormick,* 129 Ill. 308.

The possession of a.vendee can not become adverse to the vendor until after performance by the former in full. *Jackson* v. *Hotchkiss,* 6 Cow. 401; Tyler on Ejectment, 38, 874, 123; *Brady* v. *Regum,* 36 Barb. 533; *Jackson* v. *Walker,* 7 id. 637.

Proof of the payment of the taxes must be clear and convincing. *Perry* v. *Burton,* 111 Ill. 138; *Hurlbut* v. *Bradford,* 109 id. 397; *Bolden* v. *Sherman,* 110 id. 118.

As regards the limitation of seven years' possession under claim and color of title, made in good faith, and the payment of taxes, the defendants also fail, for in order to take the benefit of limitations under claim and color of title, if the taxes for any one year of the seven were paid by one in whom the title was not existing, the limitation fails. *Fell* v. *Cessford,* 26 Ill. 522; *Jayne* v. *Gregg,* 42 id. 413; *Coleman* v. *Billings,* 89 id. 183; *Rawson* v. *Fox,* 65 id. 200.

Payment of taxes, after the death of the owner, must be made by the executors, when they hold the legal title, or by the heirs, when the legal title descends to them directly. *Chickering* v. *Failes,* 29 Ill. 294.

No proof of demand was necessary. Rev. Stat. chap. 45, sec. 22; *Railroad Co.* v. *Knox College,* 34 Ill. 195; *Railroad Co.* v. *Sawyer,* 92 id. 377.

If the purchaser repudiates the contract under which he obtained possession, or fails to comply with the terms, the seller is at liberty to treat the contract as rescinded, and regain possession by action of ejectment. In such case neither a demand of possession nor a notice to quit is necessary. *Prentice* v. *Wilson,* 14 Ill. 91; *Gregg* v. *Von Phiel,* 1 Wall. 276.

Mr. F. M. HARBAUGH, for the appellees:

Demand of possession was necessary before suit. *Railroad Co.* v. *Knox College,* 34 Ill. 195.

Counsel also discussed the evidence relating to the Statute of Limitations.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was ejectment by appellants, against appellees, in the Moultrie circuit court, for the north-east quarter of the northwest quarter of section 24, in township 13, north, range 5, east of the third principal meridian, in that county.

The evidence proves that Abraham Reedy and wife sold and conveyed this land by warranty deed to Ananias Timmons on the 12th of November, 1842; that the deed was filed for record in the proper office on the 15th of September, 1843; that Ananias Timmons and wife sold and conveyed the same land by warranty deed to Azariah Timmons on the 3d of August, 1864; that the deed was filed for record in the proper office on the 12th of September, 1864; that Ananias took possession of the land about the date of the deed to him, and retained it until he conveyed to Azariah Timmons; that Azariah Timmons took possession of the land upon receiving the deed of Ananias Timmons therefor, and retained it until the 28th of October, 1868, when he made a contract with P. G. Dodson to sell and convey the land to him; that this contract was not in writing, but that Dodson executed and delivered to Timmons his two promissory notes for the purchase money of the land, both bearing that date, and one, payable on the 25th of December, 1869, for the sum of $275, and the other, payable on the 25th of December, 1870, for $275; that Dodson was at that date placed by Timmons in the possession of the land; that these notes have never been paid, and that Azariah Timmons died testate in December, 1887, having, by his last will and testament, devised his interest in this land to appellants.

That this shows a *prima facie* title in appellants, entitling them to recover unless appellees have shown a paramount title, is clear. (*Anderson* v. *McCormick,* 129 Ill. 308.) Appellees, however, contend, that Dodson having entered into

possession of the land by virtue of his contract with Timmons, and thê appellees having entered into possession under him and in his right, their possession is lawful, and that there can, in no event, be a recovery against them without proof of a demand and refusal to surrender possession of the premises to appellants before the beginning of the suit, and they cite *Chicago, Burlington and Quincy Railr*~*nd Co.* v. *Knox College,* 34 Ill. 195, as sustaining that contention. But since that decision was made the General Assembly has amended and revised the law in relation to ejectment, so that now, and when this suit was begun and when it was tried, it is provided by statute that "it shall not be necessary for the plaintiff to prove that　＊　＊　＊　the plaintiff demanded the possession of the premises, unless the defendant shall deny that　＊　＊　＊　demand of possession was made by special plea, verified by affidavit." (Rev. Stat. 1874, p. 445.) No such plea was filed in this case, and therefore, if it be conceded (which we do not decide) that the case is one where formerly it would have been necessary to prove a demand and refusal, the proof was unnecessary, and must be considered as having been waived by the failure to file the plea as prescribed by the statute.

Appellees further rely upon the defense of twenty years adverse possession, and also upon that of actual possession and payment of taxes for seven successive years under claim and color of title, made in good faith. As to the first of these defenses, as has been seen, the evidence shows that Dodson obtained his possession under a contract of purchase with appellants' devisor, that he conveyed to Job Evans on the 25th of December, 1868, and that it was not until after that date that Evans entered into possession. The rule is, where the entry is made with the consent of the owner, and subservient to his claim of title, the law will presume that the continual possession is subordinate to the title of the true owner. (Tiedeman on Real Property, sec. 700.) The element of hostility to the title of the true owner is an indispensable ingredient of

2—138 ILL.

adverse possession. (1 Am. and Eng. Ency. of Law, 228. See, also, *Robinson et al.* v. *Appleton et al.* 124 Ill. 283.) It is therefore impossible that the Statute of Limitations could have commenced to run before the possession of Evans, and this suit having been commenced on the 10th of October, 1888, and Evans' possession having commenced not earlier than December 25, 1868, twenty years had not elapsed after the possession became adverse before the commencement of the suit.

As to the second of these defenses, we are of the opinion that the deed of Dodson to Evans was good color of title. It was a deed between parties competent to make and receive a deed, and in apt terms it purported to convey the land in controversy. (*Bolden et al.* v. *Sherman,* 110 Ill. 418 ; *Foster* v. *Letz,* 86 id. 412 ; *Hardin* v. *Gouveneur,* 69 id. 140.) The evidence fails to show that Evans actually knew that Dodson had only a contract for a deed when he purchased, and the mere fact that Dodson had no title of record does not raise a presumption of bad faith in Evans in receiving his deed. (*Baldwin* v. *Ratcliff,* 125 Ill. 376 ; *Burgett et al.* v. *Taliaferro et al.* 118 id. 503 ; *Conner et al.* v. *Goodman,* 104 id. 365.) But to make such title conclusive, evidence of actual possession and payment of taxes, by or on behalf of the party having color of title, for the seven successive years, is indispensable. It is not enough that the taxes have been actually paid for that period. They must have been paid by or on behalf of the person having color of title and actual possession, and the burden is on the party claiming under such title to prove the payment by clear and satisfactory evidence. (*Jayne* v. *Gregg,* 42 Ill. 413 ; *Dawley* v. *Van Court,* 21 id. 460 ; *Irwin* v. *Miller,* 23 id. 401.) The only satisfactory evidence of payment of taxes after the conveyance to Evans, in the same interest, for seven successive years, is that given by William A. Short. He testifies that he paid the taxes on the land after the death of Evans, which was in March, 1870, until 1881.

His wife, Eliza E. Short, was the sole heir-at-law of Evans, and as such, (Evans having died intestate,) the land descended to her upon his death.   Evans left a widow surviving him, who conveyed her dower in the lands to William A. and Eliza E. Short on the 16th of August, 1870.   Short seems to have assumed to have an ownership in the land, for he says he sold twenty acres of it to his brother, who afterwards traded it back to him; but it is quite clear that since the widow of Evans could only transfer her dower interest, which was unassigned, to the owner of the fee, her deed to William A. and Eliza E. Short only operated as a release of dower to Eliza E.   (*Henrichsen* v. *Hodgen et al.* 67 Ill. 179.)   The payment of taxes by William A. Short not being proved to have been for Eliza E. Short, it is insufficient to complete the bar of the statute.

The judgment is reversed and the cause is remanded.

*Judgment reversed.*