(91 N. W. Rep. 441.)

---

J. B. Streeter, Jr., Company *vs.* Marit Fredrickson, *et al.*

---

**Adverse Possession—Possession of Claimant's Grantor—Tacking—Statutory Right—Payment of Taxes—Necessity.**

Section 3491a, Rev. Codes 1899, being chapter 158, Laws 1899, which provides that all titles to real property of persons who have been or hereafter may be in the adverse possession thereof for ten years, and shall have paid all taxes legally assessed thereon, shall be valid, construed, and *held*, that the doctrine of tacking possessions, which is generally applicable under statutes of limitation for the recovery of real estate, is not applicable under this statute, and that said statute does not permit one claiming title thereunder to make out an otherwise insufficient adverse possession and payment of taxes by adding to his possession the prior adverse possession of his grantor, or to avail himself of the payment of taxes by his grantor. It is *held*, in an action to quiet title and determine adverse claims to certain real estate to which defendant claims title under a void tax deed, accompanied by adverse possession and payment of taxes for only eight years, that the trial court properly quieted title in the plaintiff.

Appeal from District Court, Nelson County; *Fisk,* J.

Action by the J. B. Streeter, Jr., Company against Marit Fred-- rickson and another. From a judgment for plaintiffs, defendants appeal. Affirmed.

*C. N. Frick* and *Cochrane & Corliss,* for appellants.

*Tracy R. Bangs,* for respondent.

YOUNG, J. This is an action to quiet title and determine adverse claims to certain real estate situated in Nelson county. The title upon which the' plaintiff relies, was acquired through a series of conveyances, commencing with the patent from the United States government, which was issued July 10, 1883. It is conceded that the plaintiff's title and right of possession is perfect, unless it has been acquired by the defendant by adverse possession under the provisions of chapter 158, Laws 1899. The defendant Marit Fred- rickson claims that the plaintiff's title has been forfeited, and that her claim of title, which is based upon a tax deed, accompanied by adverse possession and payment of taxes thereunder, has become perfect and paramount. The facts were stipulated at the trial. The tax deed referred to was issued to C. M. Howlet on February 16, 1887, for the taxes of 1883. On May 11, 1887, Howlet conveyed to A. M. Tofthagen. On April 20, 1892, Tofthagen conveyed to the defendant Marit Fredrickson. It is stipulated that Tofthagen, the defendant's grantor, was in actual, open, adverse, and undis- puted possession of the real estate in controversy from May 11, 1887, to April 20, 1892, and paid all taxes and assessments on said real estate during said period; further, that the defendant Marit Fredrickson continued such possession, and that the same was un- disputed up to March 8, 1900, when this action was commenced; and that she paid all taxes and assessments charged against said land during her occupancy. The combined possession of the de- fendant and her grantor extended over 13 consecutive years. Nei- ther the defendant nor her grantor, however, was in possession of the premises or paid taxes for the full statutory period of, 10 years. The possession of Tofthagen covered about five years, and that of the defendant Fredrickson about eight years. The defendant Toft- hagen has an unsatisfied mortgage on the premises, executed by the defendant Marit Fredrickson. It is conceded that the tax deed re- ferred to is void, and it is relied upon by the defendants merely as color of title, and in connection with adverse possession and payment of taxes. The trial court held, as matter of law, that the plaintiff is the owner in fee simple of the land in question, and that neither of the defendants has any interest therein. The defendants have ap- pealed from the judgment quieting title in the plaintiff, and assign error upon the courts's conclusion of law.

The statute upon which the defendants rely to defeat plaintiff's title and establish title in Marit Fredrickson (chapter 158, Laws 1899; section 3491a, Rev. Codes 1899) reads as follows: "All titles to real property vested in any person or persons who have been or

hereafter may be in the actual, open, adverse and undisputed possesion of the land under such title for a period of ten years and shall have paid all taxes and assessments legally levied thereon, shall be and the same are declared good and valid in law, any law to the contrary notwithstanding." Plaintiff's counsel contend that the facts of this case do not bring it within the provisions of the statute just quoted. In this view we fully concur. This statute was before this court in *Power* v. *Kitching,* 10 N. D. 254, 86 N. W. Rep. 737. We then enumerated, in a general way, certain conditions which must concur to render the statute available to one who claims title under its provisions. "Under this statute title is not acquired until each of the three prescribed conditions are fully met: First, the claimant must be vested with some sort of title; second, he must occupy the land, under claim of title thereto, openly, adversely, and exclusively for a period of ten years; finally, the claimant must pay all taxes assessed against the land for such period." In the case at bar the adverse possession of the claimant does not fill out the statutory period of 10 years. Neither has she paid taxes assessed againt the premises for that period. As already stated, her possession and payment of taxes covered but eight years.

Counsel for defendants contend, however, that the doctrine of tacking possessions is applicable, and that for the purpose of making out a full compliance with the statute the defendant may resort not only to the prior adverse possession of her grantor, but that she may also have the benefit of his payment of taxes. In our opinion, the doctrine of tacking possessions is not permissible under this statute. This question was not involved in *Power* v. *Kitching,* supra. In that case the claimant had been in possession and had paid taxes for the full statutory period of 10 years. We are agreed, however, that the general conclusion announced in that case that a claimant under this statute must have been in adverse possession for 10 years, and paid taxes for that period was a proper interpretation of the requirements of the statute, and should be adhered to. One who seeks to establish title to real property in himself and to defeat the true title of another by the aid of a statute of limitation, must bring himself clearly within its terms. Courts are without authority to expand such statutes to include cases not covered thereby. The following rule of construction, voiced by the supreme court of Wisconsin in *Sydnor* v. *Palmer,* 29 Wis. 226, meets our approval: "Statutes of this nature, which operate in restraint of the true title, or make a certain kind of possession effectual for that purpose, if they are not to be contrued strictly, yet ought not to be construed so liberally as to include within them any case not fairly within their words.' The courts have no power of addition or amendment by which they can extend the operation of the statute, or adapt it to cases not provided for. The party whose title is to be destroyed or remedy barred may properly stand on the letter of the statute, and insist on a strict compliance with its conditions." See, also,

*Wilson* v. *Henry,* 35 Wis. 241. By the language employed in the statute under consideration,—and it is not ambiguous,—the legislature of this state extended the benefit of its provisions not to all persons indiscriminately, but to certain persons; that is, to persons who have been or may hereafter be in the actual, open, and undisputed possession of land for 10 years, and who shall have paid all taxes and assessments legally levied thereon. It is the titles of persons complying with these conditions which are declared good and valid in law, and the titles of no other persons. There is no language in the statute which can be construed as extending the benefit of its provisions to persons or in aid of titles other than those thus described. It will be conceded that the doctrine of tacking possessions, which counsel for defendants invoke,—and it is an ancient doctrine,—has been applied by the courts to almose all statutes of limitations for the recovery of real property. It·was recognized by the common-law courts of England as permissible under 21 Jac. I, c. 16, 1623, entitled "An act for limitation of actions, and for avoiding of suits in law." "This statute has been the model of all the legislation on the limitation of actions for the recovery of land in this country. It was generally adopted here during the colonial period, and, though now superseded by more modern legislation, the rules of construction laid down by the courts with regard to it are held to govern the statutes which have been modeled upon it and taken its place." Sedg. & W. Tr. Title Land, § 724. "And wherever it has been superseded by other acts of limitation which do not esesntially vary it, these are generally construed as the statute of James, and the other acts founded upon it have been construed." Busw. Lim. § 10; *Walden* v. *Gratz,* 1 Wheat. 292, 4 L. Ed. 94. And it may be said that practically all statutes of limitations of this country relating to the recovery of land permit the tacking of possessions, as did the parent English statute. While this is true, the fact cannot be overlooked that the doctrine of tacking possessions is always subordinate to the particular limitation statute upon which a claimant relies to establish his title. It is by virtue of the statute alone that a claimant is authorized to assert that the true title has been forfeited, and that his defective title has ripened into perfect title. Where the phraseology of a statute of limitation is such as to permit the application of the doctrine of tacking possessions, a claimant thereunder may always avail himself of the possession of his grantor, or those in privity with him, to make out his otherwise insufficient period of adverse possession. But, if the particular statute relied upon does not, under a proper construction, permit such tacking of possessions, it matters not how general or universal the doctrine may be under other statutes. The statute under consideration is entirely unlike the statutes of limitations common in most of the states, and also the 20-year limitation statute of this state. In fact, it is so dissimilar that its identity as a statute of limitations is almost obscure. The cases cited in support of appellant's contention are based upon

statutes so unlike that which we are considering that we deem them not in point. The 20-year limitation statute of this state (section 5188, Rev. Codes) reads as follows: "No action for the recovery of real property or for the recovery of the possession thereof shall be maintained unless it appears that the plaintiff, his ancestor, predecessor or grantor was seized .or possessed of the premises in question within twenty years before the commencement of such action." Under the statute just quoted, and all similar statutes, the decisive question in determining whether the bar is complete as against a claimant out of possession is whether he, his ancestor, predecessor, or grantor, has been in possession within 20 years prior to commencing his action. In determining this question courts are frequently met with the fact that a number of persons have been in adverse possession successively. It is clear that, to make the bar of statute complete as against a claimant out of possession, there must have been a continuous adverse possession for the full statutory period. When no privity exists between the severe adverse occupants, the continuity of possession is broken at each new entry, for the reason that the law presumes that the true owner is in possession. When, however, there is privity of possession between the occupants, the courts have uniformly held that the one holding adversely may tack the possession of his predecessor to his own, and thus a continuous adverse possession is made out against the claimant out of possession. The entire scope of this so-called "doctrine of tacking" is, however, as will be seen, not to determine whether the occupant has been in possession for any fixed period of time, but is to determine whether the claimant out of possession has in fact or in law been in possession within the statutory period, so as to entitle him to maintain his action. In other words, it is merely a uniform rule adpoted by the courts for determining whether a claimant out of possession when his action is commenced has been in possession at any time within the 20-year period. If no privity is found to exist between the successive disseisors, and the last occupant has not held adversely for the full statutory period, the bar is not complete, as the law presumes that the possion of the land returns to the true owner at each change of possession, when there is no privity between the several occupants. When, however, there is privity of possession, and it has continued for the statutory period, the bar is complete, for the very plain reason that the claimant out of possession has not, in that event, been in possession within the statutory period. The statute upon which the defendants rely (section 3491a, Rev. Codes) does not provide that no action shall be maintained to recover real property or the possession thereof unless the plaintiff shall have been in possession within 10 years prior to the commencement of the action. Neither does it make possession by the plaintiff at any time a prerequisite to the maintenance of his action. If it did, the question of the plaintiff's possession and subsequent right to maintain his action

would be in issue, and to determine the same the doctrine of tacking possessions would be applicable. This statute, on the contrary, instead of presenting any question as to the possession of the claimant out of possession, deals entirely with persons in possession, and extends the benefits of its provisions to such persons by boldly declaring that their title is good if they have been in the actual, open, adverse, and undisputed possession of the land for 10 years, and have paid all taxes and assessments legally levied thereon. The inquiry under this statute is not whether a claimant out of possession has been in possession at any time within 10 or 20 years, or at any time, but is merely whether the party relying upon the statute has been in the adverse possession of the premises and has paid the taxes legally levied thereon for the statutory period. If he has, the benefits of the statute are extended to him; otherwise not. Statutes quite similar to that under consideration are found in Colorado (section 1694, Gen. Laws Colo. 1877) and in Illinois (Rev. St. Ill. 1881, c. 83, § 6). The protection of the statutes of both of these states extends not alone to those who have been in possession and paid taxes for the full period, but by express language they authorize those in adverse possession to add to their possession the adverse possession and payment of taxes of their predecessors, ancestors, and grantors in order to fill out the statutory period. This, as we have seen, our statute omits. See, also, section 3199, Rev. St. Tex. While adopting other features of the statute referred to, our legislature wholly omitted the provision last referred to. We must assume that the omission was intentional. The legislature saw fit, in the statute under consideration, to extend its benefits only to persons who have been in possession for 10 years, and have paid the taxes during such period. This being true under the rule of statutory construction, we are without authority to extend its operation by construction to protect the titles of persons who do not come within its provisions.

The defendants must fail for another reason. The statute upon which they rely makes the payment of taxes by the claimant an essential condition, and one which is prerequisite to the perfecting of title thereunder. It is as necessary to the claimant as his adverse possession; in other words, payment of taxes and adverse possession must concur. It would, therefore, not avail a claimant under this statute to establish a sufficient adverse possession without at the same time showing a complete compliance with the requirement as to the payment of taxes. In this case, as has been stated, the defendant, who is seeking the benefit of the statute, has paid taxes for but eight years. Therefore, if it were conceded that she may not avail herself of the prior adverse possession of her grantor, she still falls short in one of the conditions which must exist to give her the benefit of the statute; that is, in payment of taxes. This is fatal to the assertion of her claim of title under this statute. There is no doctrine of tack-

ing payment of taxes which can be invoked. The feature requiring payment of taxes is modern, is found in but few states, and is peculiar to special statutes fixing short periods of limitation. Where the payment of taxes is thus made a condition for acquiring title by adverse possession, the claimant is held to a strict performance of the condition, and it is not enough that the taxes have been paid during the statutory period. It must be made to affirmatively appear that they were paid by the claimant, or on his behalf. On this point see the following cases, decided under the statute of Illinois, which also requires the payment of taxes: *Timmons* v. *Kidwell*, 138 Ill. 13, 27 N. E. Rep. 756; *Dawley* v. *Van Court*, 21 Ill. 460; *Fell* v. *Cessford*, 26 Ill. 525; *Jayne* v. *Gregg*, 42 Ill. 413; *Irving* v. *Brownell*, 11 Ill. 403; *Irwin* v. *Miller*, 23 Ill. 348.

It follows from what we have said that the judgment of the district court quieting title in the plaintiff was proper, and it is accordingly in all things affirmed. All concur.