## LIMITATION OF ACTIONS.

[Circuit Court of Columbiana County.]

AMANDA HOILES v. LODGE RIDDLE, ADMINISTRATOR.

Decided, March Term, 1904.

*Limitation of Actions—When the Statute Begins to Run—As to a Claim Becoming Due at the Death of the Debtor.*

When a debt becomes due at the death of a debtor, upon failure of next of kin to have administration taken out upon the estate, it is the duty of the creditor, in order to save his claim from the bar of the statute, to have letters issued in a reasonable time from the decedent's death, as the statute begins to run from the time the creditor should have had the administrator appointed, and not from the time he did have letters issued. What is a reasonable time depends upon the circumstances of each particular case.

COOK, J.; LAUBIE, J., concurs; BURROWS, J., dissents.

Error to the Court of Common Pleas of Columbiana County.

The action below was to recover damages for a breach of contract. A demurrer was sustained to the petition, for the reason that the cause of action was barred by the statute of limitations, the petition dismissed and judgment against plaintiff below for costs. Error is now prosecuted in this court to reverse the judgment of the court below.

The petition sets forth:

"That on or about the 28th day of January, 1863, said Robert Watson, the decedent, entered into a verbal contract or agreement with Samuel Klingaman, the father of plaintiff, her mother being dead at the time, by the terms of which contract, upon the consideration that he, the said Samuel Klingaman, would relinquish and surrender the person of his said child, Amanda Klingaman, plaintiff herein, and her services, society, care and control, to him, the said Robert Watson and Mary Watson, his wife, they, the said Robert Watson and Mary Watson would receive said child into their home, keep, clothe and provide for her, have her services, society, care, custody and control, and adopt her, give her their own name and thereafter treat her as their own child.

"The said Robert Watson further agreed, upon the consideration aforesaid, that he would make said child his heir and

give her all the personal property which he owned or possessed at the time of his death. He agreed that she was to have and receive the possession of said personal property at his death, if he survived his wife, Mary Watson, but if his wife, Mary Watson, survived him, then she was to receive possession of said personal property at the death of his wife, Mary Watson. Yet notwithstanding the facts hereinbefore set forth and pleaded, and in disregard and violation of the terms of the contract made by Samuel Klingaman and Robert Watson for the benefit of said plaintiff, said Robert Watson failed and neglected to make any provision for plaintiff at the time of his death, and to give plaintiff the personal property of which he might die possessed, either at his own or the death of his wife, but, on the contrary, some time before his death, made and executed his last will and testament, by the terms of which he gave all his property, both personal and real, to his wife, Mary Watson, without any devise, bequest or gift over to plaintiff, or any part of the same.''

The petition further avers that the said Robert Watson did not adopt the plaintiff; neither did he make her his heir at law; but the principal ground of complaint in the petition is, as herein set forth, that he failed to give her the personal property as he had agreed to do, and damages are sought to be recovered for this breach.

As appears from the petition, Robert Watson died April 26, 1885, and Mary Watson, his wife, died September 12, 1899.

The plaintiff caused letters of administration to be issued to the defendant in error, Lodge Riddle, April 6, 1903, and on August 25, 1903, she commenced the action below.

The only question made is: Did the court err in sustaining the demurrer to the petition and dismissing the same, for the reason that the action was barred by the statute of limitations?

What is required of a creditor who seeks to enforce a claim under a contract made in this state, which accrued at the death of the debtor? Can the creditor remain idle for an indefinite period, although no administration be taken out upon the estate by the next of kin, or is it the duty of the creditor to be diligent in having an administrator appointed in order to save the claim from the bar of the statute?

In this case, plaintiff in error took no steps whatever to save her claim until April 6, 1903, a period of nearly eighteen years

from the death of Robert Watson, and her claim came within the six year bar of the statute.

This question has not been directly decided by our Supreme Court. The questions involved in the cases of *Taylor* v. *Thorn,* 29 O. S., 569, and *Treas. of Brown County* v. *Martin,* 50 O. S., 197, are not the same as the question made in this case. It was not considered by the court in either of those cases, and of course they are not decisive of the point.

We are aware that in the case of *Tobias* v. *Richardson,* 26 C. C. R., 81, decided in the third circuit and published since the rendering of the decision in this case, it is held:

"A cause of action accrues, within the meaning of the statute of limitations, when there co-exists a demand capable of present enforcement; a suable party against whom the demand may be then enforced, and a party in being who has a present right to enforce it. Hence, when a note becomes due after the death of the payee, the title thereto and the right to enforce payment vest in the administrator, and the fifteen year limitation (Section 4980, Revised Statutes) begins to run from the date of the administrator's appointment."

This holding seems to be too broad. If it was the rule that absolutely the statute did not begin to run until an administrator was appointed, then claims of this character would never become stale, as in suits at law the statute of limitations alone controls as to whether a claim is stale or not. How unjust and impracticable this would be. A party might wait, as in the case under consideration, until all the witnesses to the contract but one, who was interested as a father, were dead, and then have an administrator appointed and commence action.

In the nineteenth volume of the American & English Encyclopædia of Law, 211, it is said:

"Independently of special provisions for such cases, the plaintiff can not defer, by his own laches, the time at which the running of the statute shall begin. The statute runs from the time when he might have perfected his right, irrespective of the time at which he actually perfects it. In some jurisdictions this rule is declared by special provision."

In support of the text the author refers, among others, to the case of *Rauserman* v. *Blunt,* 147 U. S., 647, and in that case Mr. Justice Gray says:

"In the absence of express statute or controlling adjudication to the contrary, two general rules are well settled. First. When the statute of limitations has once begun to run its operation is not suspended by subsequent disability to sue (*Walden* v. *Gratz*, 1 Wheat., 292; *Mercer* v. *Selden*, 1 How., 37; *Harris* v. *McGavern*, 99 U. S., 161; *McDonald* v. *Hovey*, 1102 U. S., 619). Second. The bar of the statute can not be postponed by the failure of the creditor to avail himself of any means within his power to prosecute or preserve his claim. *Richards* v. *Maryland Ins. Co.*, 8 Crouch, 84; *Braum* v. *Saurewein*, 10 Wall., 218; *United States* v. *Wilby*, 508, 513, 514; *Kirby* v. *Lake Shore & Mich. Southern R. R.*, 120 U. S., 130, 140; *Amy* v. *Waterton*, 130 U. S., 320, 325.

Did not plaintiff in error fail to avail herself of a means within her power to preserve and prosecute her claim? Section 6005, Revised Statutes, provides:

"If the persons so entitled to administer are incompetent or evidently unsuitable for the discharge of the trust, or if they neglect, without any sufficient cause, to take administration of the estate, the court shall commit it to one or more of the principal creditors, if there be any competent and willing to undertake the trust. If there be no such creditor, the court shall commit administration to such other person as it shall think fit."

If the next of kin failed to take out letters of administration, it was her privilege to have had such letters issued to any suitable person, and if she wished to preserve her claim, it was her duty to have an administrator appointed and commence her action before the time elapsed to bar her claim. This is the rule, at least, laid down by the Supreme Court of the United States.

Upon page 211 of the 19th volume of the American & English Encyclopædia of Law, it is again said:

"In many jurisdictions, however, the foregoing rule is modified to the extent that a reasonable time is allowed to the plaintiff within which to perfect his right of action, and the statute does not begin to run until after the elapse of this reasonable time."

Many cases are cited by the author in support of this statement. Among others, cases from the state of Kansas, and it was under the statute of that state that the case of *Bauserman*

v. *Blunt, supra,* was decided, and the court held that it was controlled by the decisions of that state, and therefore a reasonable time must be allowed to take out letters of administration, the last paragraph of the syllabus being as follows:

"The statute of limitations, as construed by the Supreme Court of the state, stops running at the death of the debtor but for such reasonable time only as will enable the creditor to have an administrator appointed."

Again, in the same volume, on page 219, it is said:

"Where there is no person in existence capable of suing or being sued, no fault can be imputed to a claimant for failure to bring his action, and the rule is therefore well settled that the statute does not begin to run in such case until there is in existence some one capable of suing and some one who may be sued. This rule is subject to the qualification that if it is in the power of the claimant to remove the incapacity, the exemption continues only for a reasonable time after he might have brought about a condition which would enable him to sue."

Again, on page 221, same volume:

"Where, as in practically all the jurisdictions of the United States, a claimant has it in his power to procure the appointment of a personal representative by or against whom the suit may be begun and prosecuted, a reasonable time only in which to procure such appointment is allowed to such claimant, after the expiration of which the statute will run in any event. In many of the states the time of the suspension of the statutes in such cases is fixed by statute."

We have quoted largely from the Encyclopædia of Law, for the reason that it contains a reference to all the recent cases upon the question, and we have been unable to find any authority justifying the theory that a creditor can permit time to run indefinitely where, as in this state, it is in his power to have a personal representative appointed. The Supreme Court of the state of Kansas probably so held at one time, but it has repudiated the doctrine, if it ever existed in that state, and now holds that the creditor must have an administrator appointed in a reasonable time.

In *Bauserman* v. *Charlotte,* 46 Kansas R., 480; 26 Pacific R., 1051, the court of that state finally held:

"Under the provisions of the statutes of Kansas, a creditor of a decedent having a claim which he wishes to establish against the estate may, if the widow or next of kin refuse to take out letters of administration, obtain letters for himself, or some other person, after fifty days from the death of the decedent; and he can not, without any good cause or reason therefor, defer making such application until the statute of limitations has run, and then claim that all of the time, from the death of the debtor to the appointment of the administrator, the statute of limitations is suspended on account of such administrator. If the creditor would save his claim against the estate of the decedent from the bar of the statute, he must exercise reasonable diligence, if the widow or next of kin refuse to take out letters of administration, to obtain administration for himself or some other person."

The statute of the state of Kansas is almost the same as the statute of this state. The facts of the case are identical with the facts in this case, the cause of action having accrued at the death of the debtor. The opinion of Mr. Chief-Justice Horton is exhaustive and convincing, and, it would seem, should be decisive of the question.

What is a reasonable time in which to have a personal representative appointed must, of necessity, depend upon the circumstances of each particular case.

In *Bauserman* v. *Blunt, supra,* it was held that five months and twenty days was not a reasonable time, where there was no suggestion in the petition that the creditor was ignorant of the debtor's death.

In the case under consideration, plaintiff in error, with full knowledge of debtor's death, delayed for nearly eighteen years before having letters of administration issued and the commencement of her action, and if we deduct the period of limitations, six years, there still remains nearly twelve years, which is certainly unreasonable.

The judgment of the court below will be affirmed.

*W. H. Spence,* for plaintiff in error.

*David Fording* and *Craine & Snyder,* for defendant in error.