BRUNO BELUNSKI *et al.,* Appellees, *vs.* JOSEPH OAKES *et al.,* Appellants.

*Opinion filed May 20, 1955—Rehearing denied September 19, 1955.*

EVA L. MINOR, of Kankakee, and THOMAS A. NUTTING and V. A. PARISH, both of Momence, for appellants.

DYER & DYER, of Kankakee, for appellees.

Per CURIAM: Plaintiffs filed their complaint in ejectment to recover possession of a strip of land approximately 69.4 feet wide by 300 feet deep, lying north of State Route 114 in the northeast quarter of the southeast quarter of section 24 in township 31 north, range 14 east of the third principal meridian in Kankakee County, and for damages. Defendants filed an answer in the form of a

general denial and a counterclaim claiming title to the disputed strip by adverse possession for a period of more than twenty years. This is a direct appeal from the judgment awarding possession and damages in the amount of one cent to plaintiffs and dismissing the counterclaim. A freehold is directly involved.

The plaintiffs claim title to a farm containing 118½ acres, including the disputed strip. Their claim of title to the disputed strip is based on possession under color of title and payment of taxes for more than seven years under the provisions of section 6 of the Limitations Act. (Ill. Rev. Stat. 1953, chap. 83, par. 6.) This farm is hereinafter referred to as the Belunski farm.

The defendants own and occupy a four-acre tract adjoining the Belunski farm on the west along the north side of State Route 114. This tract is hereinafter referred to as the Oakes tract.

There is a dwelling house on the Oakes tract some distance west of the west line of the disputed strip and a dwelling house and other farm buildings on the Belunski farm some four or five hundred feet east of the east line of the disputed strip. There is a hog-wire fence along the east line of the disputed strip which is the west line of a pasture on the Belunski farm. There are no structures of any kind on the disputed strip.

There is no dispute about the record title of either of the parties. On November 2, 1931, one V. T. Brassard executed and delivered a warranty deed conveying the 118½-acre farm to Bruno Belunski, one of the plaintiffs. The record does not show what title Brassard had to the land. On March 6, 1945, Belunski conveyed, by warranty deed, to one Walter Fieleke, and on February 10, 1953, he reconveyed the farm by warranty deed to the plaintiffs Bruno Belunski and his wife as joint tenants. The descriptions of the land in each of these deeds included the disputed strip.

Joseph Oakes, one of the defendants, purchased the four-acre tract adjoining the disputed strip on the west from Lillie and Sylvester Keller on February 29, 1928. In 1929 Oakes conveyed this tract to Clara Ward Link who owned it until 1941. In 1941 she conveyed the tract to one Ganaway, who, in turn, reconveyed to the defendants Joseph Oakes and his wife in 1942. None of these conveyances purport to include the disputed strip.

Plaintiffs' chain of title begins with the warranty deed from V. T. Brassard in 1931. This deed is in the usual statutory form, appears to be between competent parties, and in apt terms purports to convey the land in dispute. Such a deed constitutes sufficient color of title under the statute. (*Gochenour* v. *Logsdon,* 375 Ill. 139; *Timmons* v. *Kidwell,* 138 Ill. 13.) Before color of title can ripen into a conclusive title under section 6 of the Limitations Act it is incumbent upon one asserting such title to prove that following the acquisition of the color of title there was actual uninterrupted possession and payment of taxes by him, or on his behalf, for seven successive years. (*Gochenour* v. *Logsdon,* 375 Ill. 139; *Wright* v. *Stice,* 173 Ill. 571.) The color of title, possession and payment of taxes must continue throughout the same seven years. (*Taylor* v. *Lawrence,* 148 Ill. 388; *Timmons* v. *Kidwell,* 138 Ill. 13.) Since the plaintiffs here fail to show a title back to the government they must show their title under the statute which requires proof of possession either in themselves or a grantor in their chain of title. *Krause* v. *Nolte,* 217 Ill. 298.

The evidence is undisputed that Bruno Belunski paid the taxes on the disputed strip from 1931 to 1945 and that he had sufficient color of title during this period. The only remaining question is whether plaintiffs have made sufficient proof of possession.

The evidence on the question of actual possession is in conflict. Bruno Belunski testified that he took possession

of the 118½-acre farm in 1931 and from 1931 to 1944 he maintained fruit trees and pastured his livestock on the disputed strip. He contends this possession, plus color of title and payment of taxes makes a *prima facie* case for his title and it is then incumbent upon defendants to show a better title in themselves. Joseph Oakes testified that he had possession of the disputed strip in 1928 and 1929 as a part of the four-acre Oakes tract, that his grantee Clara Ward Link had possession from 1929 to 1941, that her grantee Ganaway had possession from the time he acquired the four-acre tract until he conveyed it to the defendants in 1942, and that defendants have had possession since 1942 to the present. Oakes contends that his possession and that of all his predecessors in title was adverse and under claim of ownership for more than twenty years and that he therefore has title by adverse possession.

As we view this case it is not necessary to pass upon the sufficiency of plaintiffs' evidence of possession to defeat defendants' claim of adverse possession. After defendants had introduced their evidence to show adverse possession in themselves or their predecessors in title from 1928 to 1953, Clara Ward Link, who owned the Oakes tract from 1929 to 1941 testified, in rebuttal, that during the period of her ownership she did not possess and did not claim ownership of the disputed strip. This testimony ruined defendants' claim of twenty years adverse possession, and the counterclaim was properly dismissed.

Since defendants cannot show a better title in themselves plaintiffs' proof of possession under color of title is sufficient. All the deeds in the Belunski chain of title included the disputed strip in the land description as a part of the 118½-acre farm and it is not disputed that plaintiffs and their predecessors in title had actual possession of the farm continuously since 1931 and that plaintiffs had possession of the farm, with the possible exception of the disputed strip, from 1931 to 1945, paid the

taxes on and had color of title to the entire 118½ acres during this period. Under these circumstances it was not necessary for the plaintiffs to show actual possession of the disputed strip since their actual possession of the balance of the farm is construed as possession of the entire tract conveyed, except any portion which is shown to be in the adverse possession of some one else. (*Duck Island Hunting and Fishing Club*. v. *Whitnah*, 306 Ill. 284; *Burns* v. *Curran*, 275 Ill. 448.) As we have seen, defendants failed to show adverse possession in them and the plaintiffs are entitled to possession of the disputed strip of land and damages.

The judgment of the circuit court of Kankakee County is affirmed.

*Judgment affirmed.*